Alvin Hawkins, J.,
delivered the opinion of the Court.
The plaintiff in error was indicted in the Criminal *517 Court of Memphis for feloniously and unlawfully breaking open and entering the house of T. J. Walker, “for the purpose of committing a larceny therein, to-wit: to steal, take and carry away, one cloak of the value of thirty-five dollars, of the goods and chattels of said T. J. Walker.
The accused plead not guilty. The jury rendered their verdict in the following words: “The defendant is guilty in manner and form, as charged in the writ of indictment, and they affix the term of his imprisonment in the jail and penitentiary house of the State, at the period of five years.”
The defendant moved for a new trial and in arrest of judgment, both of which motions were overruled, and judgment pronounced upon the verdict; to reverse which the defendant has appealed in error to this Court.
The only error insisted on in argument, is, that the verdict is not warranted by the evidence. It is insisted the proof fails to show that the cloak, which it is alleged the plaintiff in error intended to steal, was the property of T. J. Walker, as is alleged in the indictment.
The bill of exceptions does not show that it contains all the evidence submitted to the jury, upon the trial of the cause. Besides, it does show, over the signature of the counsel for the plaintiff in error, that “the charge of the Court covered all the law in the case, and was satisfactory to the prisoner.”
Conceding, then, the law is as contended for by counsel for plaintiff in error — that it is necessary to the conviction of the accused that the proof should show the title to the cloak, as laid in the indictment — it was the duty of the Court so to have instructed the jury; and *518 the record shows that he not only fully and correctly instructed the jury, but that his instructions were satisfactory to the prisoner. The jury, then, under full, correct and satisfactory instructions, have found, either that "Walker was the general owner of the1 clock, or that he had a special property therein as bailer; and either would have been sufficient to support' this prosecution. We think the finding of the jury well warranted by the evidence.
This indictment is under the second section of the Act of 1865, which provides: “Whosoever shall feloni-ously break open the house of another, for the purpose of committing a larceny or robbery therein, shall, on conviction thereof, suffer death by hanging. Provided, the jury before whom the offender is tried and convicted, may, if they think proper, commute the punishment to imprisonment in the Penitentiary for the period of not. less than ten nor more than twenty-one years.”
The gist of the offense is, the breaking, and entering a house with intent to steal. No other offense is charged, and the indictment contains but one count. It is conceded in argument, that the verdict of the jury, in fixing the term of imprisonment at five years, was erroneous. The Court ought to have refused to receive the verdict, and to have required the jury, in case they thought proper, to commute the punishment to imprisonment in the penitentiary — to fix the term of imprisonment at. not less than ten nor more than twenty-one- years. ' But the verdict was received, and the jury discharged. What is the result?
It is insisted by the Attorney-general, that, inasmuch *519 as the jury was not authorized to fix the period of imprisonment at a shorter term than ten years, the verdict is equivalent to a verdict fixing it at that period, and the Court ought to have pronounced a judgment that the defendant be confined in the penitentiary for ten years, instead of five, as found by the jury; and this Court, proceeding to render such judgment as the Court below ought to have rendered, will now adjudge that the plaintiff in error be imprisoned in the penitentiary for ten years. This proposition cannot be maintained.
If the error consisted only in the judgment of the Court — as if the jury had fixed the term of imprisonment at ten years, and the Court had pronounced a judgment that the defendant be imprisoned for five years— then this Court, proceeding to render such judgment as the Court below ought to have rendered, would adjudge that the plaintiff in error be imprisoned for the period fixed by the jury. But the error complained of is in the verdict of the jury. The Court could render no judgment except in accordance with the verdict. It had no power to change the verdict, or to pronounce the judgment now asked for. In cases in which the offense is punished by imprisonment in the penitentiary, it is the exclusive province of the jury to fix the term of such imprisonment; and the time must be within the limits prescribed by law — Code, §§ 5229, 5238. In such cases, the law submits the amount of punishment to be inflicted ,upon the accused to the jury, and not to the Court.
It is conceded, in argument, that>' in case of a prosecution for an offense punishable only; by imprisonment in *520 the penitentiary, if the jury only find the fact of the guilt of the accused, without fixing any period of imprisonment, the Court would have no right to adjudge that the accused be imprisoned for any period of time. This being so, it is difficult to perceive upon what principle the Court could fix the duration of the imprisonment at a period different from that fixed by the jury.
We come now to the consideration of what seems to us the most difficult questions in the case. Can the Court pronounce any judgment upon the verdict; or is it a nullity?
The punishment prescribed by the statute for this offense is death; but it provides that the jury before whom the offender is tried, may, if they think proper, commute the punishment to imprisonment in the penitentiary.
If the jury had,' by their verdict, simply found the defendant “guilty as charged in the indictment,” without more, the question would have been free from difficulty. In that event, it would have been the duty of the Court to have pronounced the judgment of the law, which would have been that the accused be hung. They, however, not only find the accused guilty, but they go further, and, in the exercise of the discretion conferred upon them by the statute, commute the punishment from death to imprisonment in the penitentiary. This much they were authorized to do.
Now, suppose they had done nothing more, and had not attempted to fix the term for which the accused should be imprisoned in the penitentiary; ' then it would be clear the case would stand as in case of a prosecution for an offense punishable only by imprisonment in th *521 penitentiary, where the jury had simply found the accused guilty of the crime, and had failed to fix the term of imprisonment, and the Court could pronounce no judgment whatever upon the verdict. But, in this case, the jury have gone one step further, and have fixed the term of imprisonment at five years. They had the exclusive power to fix the term of imprisonment at any period not less than ten nor more than twenty-one years, but they had no power to fix it at any period short of ten years. The law pi’eseribes the punishment incident to a conviction of this offense, and neither Courts or juries can substitute another or different punishment.
Having found the defendant guilty of the offense, and having commuted the punishment to imprisonment in the penitentiary, all that remained to be done that the jury was authorized to do, was to fix the time at any period their discretion might dictate, from ten to twenty-one years.
It follows, then, that so much of the verdict of the jury as proposed to fix the term of imprisonment of the accused at five years, was not only erroneous, but wholly unauthorized. Can it, then, form the basis of any judgment whatever.
We have here referred to the case of Wattingham vs. The State, 4 Sneed, 64. In that case the prosecution was for grand larceny. The jury found the accused “guilty in manner and form,. as charged in the indictment,” but fixed the term of his confinement in the penitentiary at two years.
The minimum punishment for the crime of grand *522 larceny was three years’ confinement in the penitentiary.
Upon appeal to this Court, this incongruity upon the face of the verdict, was assigned as error.
The Court said: “The conviction is, in form, for grand larceny, but in effect, for petit larceny, and there can be no doubt that the jury intended to convict him of the lesser offense only.”
'Larceny is divided into two grades: one is distinguished as grand larceny; the other as petit larceny. The greater offense embraces the lesser, and the punishment prescribed for each is proportionate to the magnitude of the offense; and for the lesser offense the jury were authorized by law to fix the punishment of the accused at two years’ imprisonment in the penitentiary; and the Court said this was, in effect, a conviction of “the lesser offense only,” and, in that view of the case, held that the error was formal, merely, and could not be made available for the prisoner.
As applicable to the facts of that case, we think the ruling of the Court was correct.
But this record presents a very different case.
The accused is indicted for the crime of feloniously breaking open the house of another, for the purpose of committing a larceny therein.
The law recognizes no different grades in this offense. It is not divided into different degrees, with different degrees of punishment prescribed for each, as is the crime of larceny.
One specific punishment is prescribed — that is death; but the jury may, in their discretion, commute this to *523 another specific punishment — that is, imprisonment in the penitentiary, not less than ten nor more than twenty-one years.
In the case of Wattingham vs. The State, before referred to, the Court say:
“The rule, that a party can not assign for error that which is for his own advantage, applies as well to criminal as to civil proceedings.”
We do not question the general correctness of this proposition, but do not think it applicable to the question now under consideration. How can it be ascertained that the error complained of in this case is for the advantage of the plaintiff in error?
Suppose the prisoner had been sentenced to imprisonment in the penitentiary, upon the verdict of the jury, for twenty-five years, and had appealed to this Court, and insisted the verdict and judgment were unauthorized by law, would he not, with equal plausibility as in this case, be met with the argument, that, although the verdict commuting his punishment from death to imprisonment for twenty-five years, and judgment founded thereon, were unauthorized, yet inasmuch as the jury might, in its discretion, have declined to commute his punishment, and left him to suffer death therefor, the error is to his advantage, and therefore he could not be heard to insist upon it as a ground of reversal.
It is impossible, at one glance, to conceive of the appaling and disastrous consequences to which this doctrine, if applied to questions like the one now before the Court, must inevitably lead. If the least departure from the mode or extent of punishment prescribed by the law *524 of the land for the commission of crime, is encouraged or tolerated, how great a departure will be allowed? "Where is a limit to be found? The laws of the land prescribing the mode and extent of punishment will be practically nullified, and stand as dead letters upon the statute books; and in lieu thereof, the mode and extent of punishment which may be inflicted upon persons convicted of crime will be regulated by, and depend alone upon, the taste, fancy, whim, caprice, partiality or prejudice of the particular court or jury trying the offender; and such taste, fancy, whim, caprice, partiality or prejudice, will be the law of the case. In one case, a fine may be imposed; in another, stripes may be inflicted; in another, menial service may be extorted; in another, the branding iron may be applied; in another, a limb may be amputated; in another, an eye may be plucked out; and yet in another, the punishment of death, in any one of its many forms, may be inflicted — all for the same character of offense. But the question in this case is not whether the error is to the advantage of the plaintiff in error. It is this: Is the punishment inflicted by the jury authorized by law, upon a conviction of the offense charged? and we are satisfied it was not; and being unauthorized by law, the verdict was a mere nullity, and the Court had no power to pronounce a judgment upon it.
The judgment will be reversed, the verdict set aside, and a new trial awarded.
We see no objection to again putting the accused upon trial for the offense mentioned in the indictment.
The verdict is so defective, that no judgment can be *525 rendered upon it. • The accused had the right to have had the defect cured before the jury was discharged. He, however, failed to interpose any objection to either the verdict or to the discharge of the jury; and in such case the law infers that he consented thereto, and thereby waived his objection to being again put upon his trial, as in case of a mistrial. 1 Bishop on Crim. Pr., § 842; 1 Bishop Cr. Law, § 844.