McDougal v. The State.

WILLIS McDOUGAL v. THE STATE.

1. CRIMINAL LAW. *Assault with attempt.* A verdict of "guilty of an assault with attempt to commit a rape," is sustainable under sec. 4630 of the Code.

2. SAME. *Excessive punishment.* Verdict for ten years' confinement, under the section cited, was unauthorized, and judgment thereon erroneous.

3. SAME. *Power of revising court.* When juries exceed their powers in awarding punishment, and the judge pronounces judgment approving their erroneous verdicts, the Supreme Court can only reverse and remand.

Code cited: Secs. 4630, 5222.

FROM LAWRENCE.

Appeal from Circuit Court.    JNO. V. WRIGHT, J.

ATTORNEY GENERAL HEISKELL for the State.

G. S. HUGHES for defendant.

DEADERICK, J., delivered the opinion of the court.

The plaintiff in error was indicted in the Circuit Court of Lawrence County for rape.

At the August term he was tried, and the jury returned as their verdict, "they find the defendant guilty of an assault with attempt to commit a rape," and fixed the term of his imprisonment in the penitentiary at ten years.

Upon this verdict the court pronounced judgment of confinement for "ten years" in the penitentiary, etc. Upon the return of the verdict the defendant below moved the court to discharge him from custody, to

grant him a new trial, and to arrest the judgment. These motions were successively overruled as made, and defendant appealed to this court.

It is argued that the verdict was a nullity, and should not have been received; that it is not a conviction of rape, nor of assault and battery with an intent to commit rape.

But while we think that the verdict does not find either of the offenses above described, we are of opinion that it is sustainable under sec. 4630 of the Code, except as to the term of imprisonment. That section provides, "if any person assault another with intent to commit, or otherwise attempt to commit any felony, etc. See also sec. 5222 of the Code.

The verdict finds that defendant was guilty of an assault with attempt to commit a rape, which we think means that defendant made an assault, and an attempt to commit a rape, which, under the section 4630, is punishable by confinement in the penitentiary not exceeding five years, or, in the discretion of the jury, imprisonment in the county jail for not more than one year, and by fine not exceeding $500.

But the verdict for ten years' confinement, under the section cited, is unauthorized, and the judgment of the court is erroneous.

We are asked by the State to reverse the judgment of the court, and set aside the verdict of the jury, and pronounce judgment of confinement in the penitentiary for five years, being the highest punishment provided by sec. 4630 of the Code. We do not think we have any authority to do this. It is the

exclusive province of the juries to ascertain the time in such cases, and when they exceed their powers, and the Circuit Judge pronounces judgment approving their erroneous verdicts, we can only reverse the judgment and remand the cause.

Let the judgment be reversed and a new trial awarded.