NASHVILLE RAILWAY & LIGHT CO. *v.* STATE*

(*Nashville.* December Term, 1920.)

1. **STREET RAILROADS.** Statutory duty to ''set apart'' portion of car for colored passengers defined.

   Where those in charge of a street car made no effort to keep white and colored passengers separated, it violated Thompson's-Shannon's Code, section 3076a et seq., it being intended that the authority conferred on employees of a carrier to "set apart" separate portions of the car for white and colored passengers be exercised, and the carrier must do more than merely designate the portions of the car to be occupied. (*Post*, pp. 448-451.)

   Acts cited and construed: Acts 1905, ch. 155.

   Case cited and distinguished: Morrison v. State, 116 Tenn., 534.

   Codes cited and construed: Secs. 3076a, 3076a2, 3076a3, 6437 (T.-S.).

2. **STREET RAILROADS.** Penalty for failure to separate races.

   The punishment fixed for a street car company which fails to separate white and colored passengers as required by Thompson's-Shannon's Code, section 3076a et seq., is fixed at $25, and section 6437 does not apply. (*Post*, p. 451.)

3. **CRIMINAL LAW.** Verdict for fine higher than authorized by statute requires reversal.

---

*On liability of carrier for placing white passengers in car with colored persons, see notes in 2 L. R. A. (N. S.)., 1108; 41 L. R. A. (N. S.), 958 and L. R. A. 1916E, 280.

On duty of carrier to provide separate compartments for colored passengers in sleeping or palace cars, see notes in 32 L. R. A. (N. S.), 801 and L. R. A. 1916D, 709.

On cumulative penalty for failure of carrier to provide separate accommodations for white and colored persons, see note in L. R. A. 1917B, 548.

Nashville Ry. & Light Co. v. State.

Where an error has been committed by the jury in rendering a
verdict for a fine either greater or lower than that authorized by
a-statute which designates the punishment for the crime, there is
no remedy in the supreme court except a reversal. and a remand
for further proceedings. (*Post, p.* 451.)

Cases cited and approved: Mayfield v. State, 101 Tenn., 673; Mc-
Dougal v. State, 64 Tenn., 660; Cowan v. State, 117 Tenn., 247.

## FROM DAVIDSON.

Error to the Criminal Court of Davidson County.—
Hon. J. D. B. De Bow, Judge.

J. M. Anderson, for plaintiff in error.

Frank M. Thompson, Attorney-General, and Jno.
Wesley Gaines, for the State.

Mr. Justice Green delivered the opinion of the Court.

The plaintiff in error, operating a street railroad in
the city of Nashville, was indicted for that it failed and
neglected to keep white passengers and colored passen-
gers separated on a certain car upon the occasion
designated in the indictment. It was found guilty and
has appealed in error to this court. The jury assessed
a fine of $2,000.

This proceeding was had under chapter 155 of the
Acts of 1905, carried into Thompson's-Shannon's Code
at section 3076a, et seq. This statute requires those
operating street.cars in the State of Tennessee, where
white and colored passengers are carried in the same·car,

to set apart and designate in such car a portion thereof to be occupied by white passengers and a portion thereof to be occupied by colored passengers. The act porvides for printed signs to indicate the portions of the car set apart for the respective races and provides that the conductor or person in charge of any car shall have the right at any time, when in his judgment it may be necessary, to effectuate the purpose of the act to require passengers to move their seats. In other words, the conductor may increase or decrease the space to be occupied by either race according to the number of each present on any trip. Other provisions of the statute will be hereafter noted.

This statute has not been considered by this court merely to confer upon a street car company the privilege of separating its white and colored passengers, but it has been thought to impose upon such carriers the duty of separating the races. To this end the conductor or other person in charge of the car is given full power to compel passengers to change their seats, as noted above, according to the exigencies of each trip, and passengers are required to move under penalty of a fine.

"The chief feature of the statute is that requiring the separation of the white and colored races." *Morrison* v. *State,* 166 Tenn., 534, 95 S. W., 494.

The proof in this case has been discussed orally, and clearly shows that those in charge of the car of the plaintiff in error in the case before us made no effort to keep the races separated. Such an omission is a violation of the statute.

The trial judge was of opinion that no specific penalty was imposed by the statute for the offense with which defendant below was charged, and proceeded under Thompson's-Shannon's Code, section 6437, providing:

"When the performance of any act is prohibited by statute, and no penalty for the violation of such statute is imposed, the doing of such act is a misdemeanor."

He told the jury if they found defendant guilty and thought the offense merited a fine in excess of $50, they should fix the fine themselves, and the jury accordingly fixed the fine as stated above.

The argument in support of this instruction is that the act fixes the penalty upon the passenger for failing to move his seat when requested, and upon the carrier for failing to properly mark or designate the portions of the car to be occupied by white and colored passengers, but that no punishment is prescribed for the failure of the carrier to keep the races separated and in the places designated for them.

Sections 3 and 4 of the act in question, being sections 3076a2 and 3076a3, Thompson's-Shannon's Code, are as follows:

"All passengers on any street car line shall be required to take the seats assigned to them, and any person refusing so to do shall leave the car or remaining upon the car shall be guilty of a misdemeanor, and upon conviction shall be fined in any sum not to exceed twenty-five dollars, provided, no conductor shall assign any person or passenger to a seat except those designated or set apart for the race to which said passenger belongs."

144 Tenn.—29

"Any person, company, or corporation failing to set apart or designate separate portions of the cars operated for the separate accommodation of the white and colored passengers, as provided by this act, shall be guilty of a misdemeanor and upon conviction shall be fined in any sum not to exceed twenty-five dollars."

The construction urged does not give proper force to the words "to set apart." To set apart means more than to designate. The two expressions cannot be treated as equivalent. They are used here in a disjunctive sense.

As noted in one of the briefs, to set apart is "to separate to a particular use." Webster's International Dictionary.

So when the statute required carriers to set apart a portion of the car for white passengers and a portion for colored passengers, it meant that each portion was to be used by the class of passengers for which it was separated. The authority conferred upon employees of the carrier to require passengers to occupy that portion of the car set apart for their color was not idly given. It was intended to be exercised.

We think the requirement that portions of the car should be set apart or separated to the particular use of each race, together with the power conferred to compel that particular use, obliged the carrier to do something more than merely designate the portions of the car to be occupied by the two races. The law intended that the carrier should enforce upon each race the occupancy of their appointed places. Failing to do this, the defendant below failed to set apart a portion of the car for white passengers and a portion for colored pass-

engers, as the term "set apart" is used in the statute, and is amenable to the punishment provided by the statute.

This punishment is fixed at $25, and in this view of the case it follows that the jury were without authority to fix the fine at $2,000.

This necessitates a reversal of the case.

"Where an error has been committed by the jury in rendering a verdict for a term either higher or lower than that authorized by the statute which designates the punishment for the crime, there is no remedy in this court except a reversal, and a remand to the lower court for further proceedings. *Mayfield* v. *State*, 101 Tenn., 673, 676, 49 S. W., 742; *McDougal* v. *State*, 64 Tenn., 660." *Cowan* v. *State*, 117 Tenn., 247, 96 S. W. 973.

We find no other reversible error upon the record. There was an abstraction of his honor in the charge with reference to the effect of the location of the signs indicating the portions of the car to be occupied by the white race and the colored race. No such question arises herein, however, since the indictment conceded that the signs were duly displayed, and only charged the defendant below with a failure to keep the two races separated and in their proper places.

We are therefore not called upon to express an opinion as to the propriety of this portion of the charge.

Let the case be reversed and remanded for a new trial.