OLIVER *et al. v.* STATE.

(*Knoxville*, September Term, 1935.)

Opinion filed Nov. 23, 1935.

GUINN & MITCHELL and CANTOR & CANTOR, all of Johnson City, for plaintiffs in error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. SPECIAL JUSTICE DAVIS delivered the opinion of the Court.

Plaintiffs in error, along with Ace Kite, were indicted and tried under an indictment containing three counts. The first count charges breaking into the house of J. F. Hall, in the nighttime, with intent to steal; the second count charges the stealing of Hall's wheat of the value of $65; while the third count charges receiving and concealing stolen wheat of the value of $65. Upon their trial, under the plea of not guilty, the plaintiffs in error were convicted, and by appropriate steps have brought their case here for review.

It is earnestly insisted that the plaintiffs in error were convicted alone upon the evidence of an accomplice, one Clarence Clark. And the view that there is no material evidence, other than the testimony of this admitted accomplice, is pressed with vigor and reason; but since the case must be reversed on other grounds, we need not enter into a discussion of that matter.

It appears that the jury returned a general verdict of guilty, without saying whether such verdict was returned upon all or a separate count of the indictment. The court received this verdict, and reserved sentencing plaintiffs in error until hearing of the motion for a new trial. Upon hearing and overruling said motion, the trial court sentenced the plaintiffs in error "to serve from three years as the lowest to five years as the highest, upon the second count of the indictment wherein the defendants were found guilty of grand larceny." The plaintiffs in error duly excepted to this sentence.

The sentence fixed by statute for the offense charged in each count of the indictment, is confinement in the penitentiary for a period of from three to ten years. Code, sections 10913, 10925, and 10928. And under the indeterminate sentence statute of the state, it is the duty of the jury to fix the maximum sentence of convicted felons. Code, section 11766.

It is the duty of the jury to fix only the maximum punishment, and where this is done, the sentence becomes an indeterminate sentence, and this court will disclose the minimum term. *Hensley* v. *State*, 166 Tenn., 551, 64 S. W. (2d), 13; *Pope* v. *State*, 149 Tenn., 176, 258 S. W., 775.

A prisoner does not have the absolute right to parole upon the expiration of the minimum sentence fixed by statute for the offense for which he stands convicted. In the interest of public policy, the parole authorities are vested with discretion in admitting a prisoner to parole upon the expiration of a minimum sentence. *State ex rel.* v. *Rimmer*, 131 Tenn., 316, 174 S. W., 1134; *West* v. *State*, 140 Tenn., 358, 204 S. W., 994.

Under the sentence imposed by the court in this case, plaintiffs in error could not demand their release upon the expiration of the minimum three-year sentence. If the jury had fixed the maximum punishment at confinement in the penitentiary for a period of three years, as it had the right to do, the prisoner could then have demanded their release at the expiration of such period. On the other hand, the jury could have fixed the maximum period of confinement at ten years. It was a jury function to fix the maximum period of confinement, and we are of opinion that the trial court cannot discharge that function of the jury. And it is an invasion of the right

of the prisoner for the court to fix the maximum period of his confinement, a duty which the jury alone can discharge.

We must, therefore, set aside this conviction, and reverse and remand the case.