## CORLEW *v.* STATE.

### (*Nashville*, December Term, 1943.)

#### Opinion filed May 6, 1944.

O. V. MYERS, of Nashville, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Plaintiff in error challenges the sufficiency of the evidence to sustain his conviction of grand larceny, with a maximum sentence of three years. Larceny is by statute graded into grand and petit. "Grand larceny is the felonious taking and carrying away personal goods over the value of sixty dollars, and petit larceny, of goods not exceeding in value sixty dollars." Code, Section 10921. And, "The punishment for grand larceny is imprison-

ment in the penitentiary not less than three nor more than ten years; and for petit larceny, not less than one nor more than five years." Code, Sec. 10925. Upon a review of the record in this case we find that the evidence sustains the conviction of larceny, but that, as conceded for the State, the proof fails to establish that the personal goods, the subject of the larceny, was "over the value of sixty dollars," but was of "goods not exceeding sixty dollars, but was of "goods not exceeding sixty dollars."

However, as said in *Murphy* v. *State*, 47 Tenn., 516, at page 522, "Larceny is divided into two grades" and "the greater offense embraces the lesser." This was quoted with approval in *Mayfield* v. *State*, 101 Tenn., 673, at page 679, 49 S. W., 742, at page 743, although held not applicable to the facts of that case. It follows that a conviction of grand larceny, 'the greater," includes a finding of guilt by the jury of "the lesser."

It thus appears that plaintiff in error is guilty of petit larceny and is subject to punishment therefor, that is, to imprisonment for "not less than one nor more than five years." It becomes the duty of the Court to correct this error in conviction of the higher grade or degree, and the jury having found the defendant guilty of the offense of larceny of a higher degree or grade than the evidence supports, to relate the finding to the lesser degree or grade proven, and modify and affirm the judgment accordingly. An analogy may be found in the established practice of the Court in relating the finding of guilty by a general verdict to the charge of the indictment supported by the evidence. See *Chapple* v. *State*, 124 Tenn., 105, 135 S. W., 321, where this rule is discussed.

No constitutional right of the accused to a trial by jury is thereby violated. He has had a fair trial by his peers

and has been found guilty of the offense of larceny of the greater grade, which, as held, "embraces the lesser." He, therefore, stands convicted of petit larceny. By the modification and reduction of the judgment to petit larceny, justice is done the accused, and the judgment as so affirmed is within the indictment and the jury's verdict of guilty.

There remains only the fixing of the term of punishment. Must the case be reversed and remanded, with the incident cost and delay, that the jury may fix the term of punishment? Now the punishment for petit larceny, as has been seen, is fixed by statute, Code, Section 10925, at imprisonment for not less than one, nor more than five years.

The lowest term that the jury is authorized by Code, Section 10925, above quoted, to fix, upon a conviction of petit larceny, is one year in the penitentiary. Therefore, if the term of imprisonment is reduced in the instant case to one year, the judgment of this Court cannot be said to violate any beneficial right of the defendant secured to him by the Constitution, or the statute.

Assessment by the jury of the punishment upon conviction is not a right reserved to the jury by the Constitution. "The right to have the jury assess the punishment was not a part of the right of trial by jury at common law." *Woods* v. *State*, 130 Tenn., 100, at page 107, 169 S. W., 558, at page 559, L. R. A. 1915F, 531, citing *Durham* v. *State*, 89 Tenn., 723, 18 S. W., 74, and cases from other jurisdictions. The ends of justice are met, and no right of the defendant invaded, by the judgment of this Court fixing the punishment at one year only, the lowest term authorized by the statute. Certainly, of this procedure and judgment the defendant cannot be heard to complain.

The early case of *Wattingham* v. *State*, 37 Tenn., 64, was a prosecution for larceny, and the value of the goods supported the conviction of grand larceny. But the jury fixed the term of punishment at two years only, when three years was the minimum fixed by statute for the higher grade. Of this the defendant complained as reversible error. Said McKINNEY, J., for the Court:

"This incongruity on the face of the verdict, is assigned for error. The rule that a party cannot assign for error, that which is for his own advantage, applies as well to criminal as to civil proceedings. The gist of the complaint is, that his term of confinement in the penitentiary is shorter than that prescribed by law—that instead of two years, it ought to have been three years. The error is formal merely, and cannot be made available for the prisoner."

In *Mayfield* v. *State, supra* [101 Tenn., 673, 49 S. W., 743], the opinion quoted and approved the rule that "a party cannot assign for error that which is for his own advantage."

Indeed, it is axiomatic that one may not be heard in complaint of that which does not injure him. For our latest application of this general rule, see *Frazier* v. *Elmore*, 180 Tenn., 232, 173 S. W. (2d), 563. One may not be heard to challenge the constitutionality of a statute, or the correctness of a decree, unless he shows himself to be adversely affected thereby.

In *Murphy* v. *State, supra*, 47 Tenn., at page 523, the Court quoted from *Wattingham* v. *State, supra*, the rule, "that a party can not assign for error that which is for his own advantage," and commented: "We do not question the general correctness of this proposition, but we do not think it applicable to the question now un-

der consideration. How can it be ascertained that the error complained of in this case is for the advantage of the plaintiff in error?'' We ·fully agree that the rule should never be applied unless it is plain, beyond question, that the action taken is for the benefit of the defendant—plaintiff in error. Thus only can his rights be fully preserved. But, it is too plain for dispute that a judgment in this case, reducing the conviction from grand to petit larceny, and the maximum term of imprisonment from three to one year, is to the advantage of the defendant.

We find nothing in our reported decisions with which the action we now take conflicts. Cases in which this Court has declined to corect judgments erroneously fixing punishment, and held it necessary to reverse,. despite a well sustained jury verdict of guilt, have been those in which a positive legislative mandate has been violated by a judgment of the trial Court fixing a term of punishment in excess of the maximum, or below the minimum punishment prescribed by the statute, such as *Wilson* v. *State*, 103 Tenn., 87, 88, 52 S. W., 869, where the punishment fixed was for a term longer than that prescribed for the offense charged in the indictment; or *McDougal* v. *State*, 64 Tenn., 660, where, under an indictment for rape, the jury found defendant guilty of an assault with attempt to comit rape only, but fixed the punishment prescribed for rape. Here were irreconcilable inconsistencies. The jury did not find the defendant guilty of the offense to which the term of imprisonment they fixed applied. There is a determinatively different situation in the instant case, where the defendant was found guilty of the offense to which the imprisonment fixed applied, but the proof applied to a lower grade of the

same offense. So, in *Mayfield* v. *State, supra,* where the jury found the defendant guilty of voluntary manslaughter, but fixed his term of imprisonment at one year only, a term below the two year minimum prescribed by the statute for this offense. Here it was held that this Court could only reverse. This Court could not *increase* the punishment above that fixed by the jury. It might be that the jury would not have found him guilty of voluntary manslaughter if they had understood that the minimum punishment would be two years instead of one. This Court in the *Mayfield Case,* 101 Tenn. at page 677, 678, 49 S. W. at page 743, follows and quotes from *Murphy* v. *State, supra,* the following:

"As applicable to the facts of that case, we think the ruling of the Court was correct, but. this record presents a very different case. The accused (Murphy) is indicted for the crime of feloniously breaking open the house of another, for the purpose of committing a larceny therein. The law recognizes no different grades in this offense. It is not divided into different degrees, with different punishments prescribed. for each, as is the crime of larceny. One specific punishment is prescribed,—that is, death; but the jury may, in their discretion, commute this to another specific punishment,—that is, imprisonment in the penitentiary not less than ten, nor more than twenty-one, years."

In the *Murphy Case* the jury found defendant guilty as charged of felonious house breaking, for which the statute prescribed a minimum of ten years, but, disregarding the statute, fixed his term at five years only. And so, again, in *State* v. *Ragsdale,* 78 Tenn., 671, in which the defendant was found guilty of attempt to commit murder in the second degree, but his punishment fixed

at a fine only, when the statute prescribed five years in prison as a minimum.

In all of these cases the verdict of guilty of the offense was supported by the evidence, but the jury fixed a punishment either above or below the terms expressly prescribed by statute.

In commenting on the powers of the Court in the matter of correction of errors committed by the jury, it was said in *Cowan* v. *State*, 117 Tenn., 247, at page 748, 96 S. W., 973: "Where an error has been committed by the jury in rendering a verdict *for a term either higher or lower than that authorized by the statute* which designates the punishment for the crime, there is no remedy in this court except a reversal," citing *Mayfield* v. *State*, and *McDougal* v. *State*. This was the rule followed and applied in *Nashville Ry. & Light Co.* v. *State*, 144 Tenn., 446, 234 S. W., 327, where the jury fixed a $2000 fine for the offense found for which the statute prescribed a maximum fine of $25.

The error in the instant case was not in fixing "a term either higher or lower than that authorized by the statute which designates the punishment for the crime," but in finding guilt of a higher grade or degree of the crime than the proof sustains. None of these cited cases are, therefore, controlling here.

Two elements enter into each case of prosecution for crime, one the issue of guilt or innocence, for disposition of which the defendant is constitutionally entitled to a trial by jury; and two, the fixing of the punishment, as to which the constitutional provision for trial by jury does not extend. *Woods* v. *State, supra.*

Nor do we find the procedure we follow touching the fixing of the punishment violative of our pertinent

statutes. The indeterminate sentence law, Code, Section 11766, provides that the jury finding the defendant guilty shall fix his maximum term of imprisonment, within the statutory prescribed limits,—for petit larceny between five years maximum and one year minimum,—and the Court shall thereupon sentence the defendant "for a period of not more than the term fixed by the jury, making allowance for good time as now provided by law." Therefore, if the case is sent back and this matter left to the jury, no less than one year could be fixed. The result, therefore, could not be more favorable to the defendant if fixed by a jury. Since this is so, the defendant could obtain no advantage from having a jury fix his term and no wrong will have been done him by the judgment of this Court fixing his imprisonment at the statutory minimum of one year. The reason for action by a jury, therefore, fails and this statutory provision may be disregarded.

▬ While, as we have seen, the statutory minimum imprisonment for petit larceny is one year in the penitentiary, provision is made by Code, Section 10934, for commutation to fine and imprisonment in the County Workhouse in larceny cases, but this power of commutation *is vested in the Court,* not in the jury. The jury can do no more than make a recommendation to the Court.

Cases of larceny are governed by this Statute specially applicable thereto, and not by Code, Section 10754, dealing with felonies generally. Code, Section 13.

Moreover, even if it should be conceded that upon a remand of this case the jury would have power to commute the terms and substitute a workhouse sentence, it cannot be reasonably conceived that this would be done, when the jury has heretofore fixed the imprisonment at

three years in the penitentiary. We are satisfied that no advantage could accrue to the defendant from a remand.

■ However, in view of the provision of Code, Section ·11766 that the jury "shall fix the maximum term of the convicted defendant," the State has an equal right with the defendant to have the jury fix the term of imprisonment. Since the State may feel that upon reversal and new trial a verdict might be obtained on conviction of defendant for petit larceny properly fixing his imprisonment at a longer term than the minimum of one year provided by statute, we feel that the action heretofore indicated should not be taken except upon the State's consent. If, therefore, the State will accept a *remittitur* of this sentence to a sentence of one year as for petit. larceny, a judgment will be entered accordingly. Otherwise the case will be reversed and remanded for a new trial.

■ It may be added that such practice is well established in civil cases, both in the trial Courts and in this Court, *Branch* v. *Bass*, 37 Tenn., 366; *Railroad Co.* v. *Roberts*, 113 Tenn., 488, 82 S. W., 314, 67 L. R. A., 495; and the power of the appellate courts to modify and reduce imprisonment in criminal cases, and "render such judgment on the record as the law demands," Code, Sec. 11810 is quite generally recognized and exercised. See Annotations, 29 A. L. R., 318, and 34 A. L. R., 1477, 1486, 1487.

GREEN, C. J., and NEIL, J., concur.

PREWITT and GAILOR, JJ., dissent.

DISSENTING OPINION.

MR. JUSTICE GAILOR delivered a dissenting opinion.

I am compelled to dissent from the majority opinion of the Court on this appeal because I am convinced that the authority assumed is not ours in the absence of Legislative grant, and because in the present case the revised sentence imposed by the Court deprives the defendant of a substantial right.

"The jurisdiction of this Court shall be appelate only, under such restrictions and regulations as may, from time to time, be prescribed by law." Constitution of Tennessee, Article 6, section 2.

That the law is Legislative statute has been repeatedly held. The particular mode in which appellate jurisdiction may be exercised is a matter of regulation by the Legislature. *Hundhausen* v. *United States Marine Fire Insurance Co.*, 52 Tenn., 702, 704; *McElwee* v. *McElwee*, 97 Tenn., 649, 657, 37 S. W., 560.

The Legislature has consistently refused to grant the authority taken in the majority opinion—the last time being by its failure or refusal to pass an enabling act on this subject at its session in 1943.

I am in hearty accord with the statement in the opinion that the authority taken makes for sound economy and a speedy result in criminal cases, but I cannot escape from the conviction that the grant of authority must come from the Legislature. It is not our province to initiate economies, and if the Legislature fails in that regard, it is not our responsibility.

In the present case, the defendant was convicted of grand larceny and his punishment fixed for that offense, although the evidence of the value of the property stolen showed that beyond doubt, he was only guilty of petit larceny.

In the majority opinion, the conviction is corrected and the punishment reduced to the minimum for petit larceny under Code, section 10925.

It is insisted that since the greater offense includes the lessor, that defendant's guilt has been fixed finally, and that if his punishment be reduced to a penitentiary sentence of one year, the minimum under section 10925, no right of his is infringed. While this may be true under section 10925, the opinion brushes aside the rights which defendant would obviously have on a new trial under section 10934, which is as follows:

"In all cases of petit larceny, and in all prosecutions for receiving stolen goods under the value of sixty dollars, the court may, in the event of conviction, on the recommendation of the jury, substitute, in lieu of punishment in the penitentiary, fine and imprisonment in the county jail."

How can this Court say with the history of this case, what another jury on a resubmission of evidence, would or would not do? To conclude categorically that because one jury has found the defendant guilty of grand larceny, another jury would not make a recommendation for a commuted sentence, is contrary to my observation of the result in jury trials.

Reluctant as I am to disagree with the writer of the majority opinion, for the ripeness of whose wisdom I have high regard, I cannot force myself to find any substantial difference between those crimes which are fixed by degrees as in homicide and larceny, and those where, in separate sections of the Code, there is one crime fixed for the commission of the act itself, and another which fixes the crime of an attempt to commit such criminal act. In such a case decided in 1875, and consistently followed

in many subsequent decisions of this Court since that time, it was said:

"We are asked by the State to reverse the judgment of the court, and set aside the verdict of the jury, and pronounce judgment of confinement in the penitentiary for five years, being the highest punishment provided by sec. 4630 of the Code. We do not think we have any authority to do this. *It is the exclusive province of the juries to ascertain the time in such cases, and when they exceed their powers, and the Circuit Judge pronounces judgment approving their erroneous verdicts, we can only reverse the judgment and remand the cause.*" (Italics ours.) *McDougal* v. *State*, 64 Tenn., 660, 661, 662.

The limited authority of this Court was thus expressed in a recent case:

"It was a jury function to fix the maximum period of confinement, and we are of opinion that the trial court cannot discharge that function of the jury. And it is an invasion of the right of the prisoner for the court to fix the maximum period of his confinement, a duty which the jury alone can discharge." *Oliver* v. *State*, 169 Tenn., 320, 322, 323, 87 S. W. (2d), 566, 567.

I cannot agree that the rule so expressed is distinguishable from the questions presented on this appeal.

## Dissenting Opinion.

Mr. Justice Prewitt delivered a dissenting opinion.

I agree with the opinion of the majority that this case should be reversed on account of the fact that the record does not disclose that the accused is guilty of grand larceny, but I cannot agree with the opinion of the majority that this Court has the power to reduce a sentence that has been imposed by a jury. Ever since the decision in

the case of *McDougal* v. *State*, 64 Tenn., 660, this Court has declined to reduce sentences fixed by juries. In that case the Court said:

"We are asked by the State to reverse the judgment of the court, and set aside the verdict of the jury, and pronounce judgment of confinement in the penitentiary for five years, being the highest punishment provided by sec. 4630 of the Code. We do not think we have any authority to do this. It is the exclusive province of the juries to ascertain the time in such cases, and when they exceed their powers, and the Circuit Judge pronounces judgment approving their erroneous verdicts, we can only reverse the judgment and remand the cause."

This rule has been consistently followed ever since. *Mayfield* v. *State*, 101 Tenn., 673, 49 S. W., 742; *Cowan* v. *State*, 117 Tenn., 247, 96 S. W., 973; *Nashville Railway & Light Co.* v. *State*, 144 Tenn., 446, 234 S. W., 327; *Oliver* v. *State*, 169 Tenn., 320, 87 S. W. (2d) 566.

I am of opinion that we should adhere to this long-established rule and not depart from it without legislative sanction.