Betty June CAPPS, Plaintiff-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

Jan. 13, 1972.

Certiorari Denied by Supreme Court March 6, 1972.

Emery B. Gill, Centerville, for plaintiff in error.

David M. Pack, Atty. Gen., Lance D. Evans, Asst. Atty. Gen., Nashville, J. Alonzo Bates, Dist. Atty. Gen., Centerville, for defendant in error.

## OPINION

DWYER, Judge.

This is an infanticide case in which the jury found the mother-defendant guilty of voluntary manslaughter and fixed her punishment at confinement for not less than two nor more than two years in the State Penitentiary. Judgment has been duly entered on the verdict and appeal by court-appointed counsel seasonably perfected.

There are three assignments of error made contending the verdict and judgment are contrary to the law. These assignments will be dealt with after a brief resume of the facts found in the record.

The father of the deceased twenty-month old daughter related that on his return home from work he found his daughter dead in her crib. He took the infant to a hospital and an autopsy was performed. Death was caused by a jagged fracture of the skull in front of the left ear extending up to the top of the head and coming back down behind the ear. The doctor related other trauma found indicated that several blows to the head had caused the fracture as opposed to one blow. There were other bruises and contusions to the little body, some fresh and some old, which indicated blows over a period of time.

The record reflects the young mother became ungeared, so to speak, with the birth of this child. When the husband became aware of the treatment the child was receiving, medical help was sought for the mother. The child was placed in his parents' home and the home of her parents on occasions. The mother told investigating officers three conflicting stories, the last being that the baby had been grabbing at her legs and dress and running through the house. She became upset, picked up an ashtray, and swung it, striking the child

and causing a popping sound, from which blow or blows death ensued.

The learned trial court committed the young mother-defendant to Central State Psychiatric Hospital for observation with a finding after thirty days observation that she was competent.

■ She first contends the evidence does not support the verdict. We are satisfied there is a sufficiency of the evidence in this record to support the verdict. She herself admits to striking the child, contending she did not intend for death to ensue. She has not carried the necessary burden of showing that the evidence preponderates against her guilt and in favor of her innocence, which she must do in this court on appeal. See Haas v. State, Tenn.Cr.App., 455 S.W.2d 634. The assignment is accordingly overruled.

■ Defendant next contends that the verdict is contrary to the law, predicating this contention on the reasoning that under the facts she was guilty of either murder in the second degree or of only involuntary manslaughter, or of neither. She further contends the jury verdict acquitted her of murder and therefore the facts do not and will not support a finding of voluntary manslaughter. We dispose of the latter of these contentions by reasoning that the acquittal by the verdict of second degree murder was to her advantage and she will not be heard to complain. See Corlew v. State, 181 Tenn. 220, 225, 180 S.W.2d 900. The other contention regarding the sufficiency of the facts to support voluntary manslaughter is likewise unfounded. The State in its reply brief urges that the voluntary manslaughter verdict is supported by the law and facts and cites Manier v. State, 65 Tenn. 595, 599, in which the following language is found:

". . . In cases of sudden mutual combat, without malice, it is generally only manslaughter when one of the parties is killed. It is involuntary manslaughter when there is a killing without the intent to inflict the injury; and *it is*

*voluntary manslaughter when there is a killing with concurring will and deed to inflict the injury which produces death."* (Emphasis added.)

■ Defendant is estopped to say she did not intend death as she testified, when the record reflects that she struck the fatal blow or blows "with concurring will and deed to inflict the injury which produces death." In other words, she cannot be heard to say that she did not intend death when she struck the little child. The doctor stated there was evidence of several blows about the skull. The distinctive feature of manslaughter from murder is the lack of malice and in its stead passion, which is an emotional state which includes fear, terror, excitement or nervousness. See Wharton's Criminal Law & Procedure, Vol. 1, Manslaughter, § 275, p. 584. Her testimony recites a generally distraught, emotional state, brought about at least in part by the behavior of the little victim. We are inclined to not disturb the findings of the jury who in their wisdom have decreed this punishment in this unfortunate case. The assignment is overruled.

■ Her last contention is that the court refused her special request to charge on circumstantial evidence. The request is not to be found in the bill of exceptions so it therefore is not properly before this court. See Gentry v. State, 184 Tenn. 299, 303, 198 S.W.2d 643. Further, we note that even if the requested charge is before this court in that it is in the technical record, it is not a full and accurate statement of the law pertaining to circumstantial evidence. When the requested instruction is not a full and accurate statement of the law, it may be refused. See Smith v. State, 205 Tenn. 502, 523, 327 S.W.2d 308; Johnson v. State, 125 Tenn. 420, 433, 143 S.W. 1134. The assignment is overruled.

The judgment of the trial court is affirmed.

WALKER, P. J., and OLIVER, J., concur.