**Clayton A. VEACH, Plaintiff-in-Error,**

**v.**

**STATE of Tennessee, Defendant-in-Error.**

Supreme Court of Tennessee.

Jan. 15, 1973.

Larry D. Woods, Woods & Woods, Nashville, for plaintiff in error.

David M. Pack, Atty. Gen., William C. Koch, Jr., Asst. Atty. Gen., Nashville, Elmer Davies, Dist. Atty. Gen., Franklin, for defendant in error.

## OPINION

CHATTIN, Justice.

On January 18, 1972, Veach was found guilty by a jury of driving an automobile upon a public highway while his driver's license was revoked. The jury fixed his punishment at sixty days in jail.

The facts are undisputed. Veach's driver's license was revoked on June 28, 1965, pursuant to T.C.A. Section 59–1204 of the Tennessee Financial Responsibility Act due to his involvement in an accident. He has been unable to regain his license by proof of financial responsibility or by obtaining liability insurance.

On October 20, 1970, he was arrested for driving an automobile upon a public highway while his driver's license was revoked. He was later indicted, tried and convicted with the resulting sentence as above stated.

Veach has perfected an appeal to this Court. He insists it was error to convict him of driving a motor vehicle on a public highway while his driver's license was revoked when the revocation was pursuant to an unconstitutional statutory scheme.

In support of this assignment, he insists it was a prerequisite to a conviction under T.C.A. Section 59–716 that his driver's license must have been legally cancelled, suspended or revoked prior to the time of the alleged crime

He then argues that since his license was revoked pursuant to T.C.A. Section 59–1204 the revocation of his license was unconstitutional and void; and that, therefore, his conviction cannot stand.

T.C.A. Section 59–1204 provides:

"Security required following accident unless evidence of insurance—Suspension for failure to deposit security.—The commissioner shall, within sixty (60) days after receipt of the report of a motor vehicle accident occurring in this state which has resulted in bodily injury, or death, or damage to the property of any one (1) person in excess of one hundred dollars ($100), revoke the license and all registrations of each operator and owner of a motor vehicle in any manner involved in such accident, and in case of a nonresident, the privilege of operating a motor vehicle within the state and of the use within this state of any motor vehicle owned by him, unless such operator, owner, or both shall deposit security in a sum which shall be sufficient, in the judgment of the commissioner, and in no event less than five hundred dollars ($500) to satisfy any judgment or judgments for damages resulting from such accident which may be recovered against such operator, owner or both, and unless such operator and owner shall give and maintain proof of financial responsibility; provided, notice of such revocation shall be sent by registered mail to the last known address of such operator and owner not less than ten (10) days prior to the effective date of such revocation and shall state the amount required as security and the requirement of giving proof of financial responsibility."

The Section does not provide for a hearing prior to a revocation of a driver's license. The Georgia Financial Responsibility Act is identical in all major respects to the Tennessee Act in that neither Act provides for a hearing prior to a revocation.

In Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971), a decision handed down eight months prior to Veach's trial and conviction, the United States Supreme Court held the revocation of a person's driver's license and registra-

tion under the Georgia Financial Responsibility Act was a deprivation of due process under the Fourteenth Amendment to the United States Constitution. The Court held due process requires that an individual's license and registration be not suspended or revoked prior to a hearing for the determination of liability, if any, as a result of an accident.

Specifically, the Court held:

"* * * [B]efore the State may deprive petitioner of his driver's license and vehicle registration it must provide a forum for the determination of the question whether there is a reasonable possibility of a judgment being rendered against him as a result of the accident." Bell v. Burson, supra.

■ The State contends we cannot reach the constitutionality of the statute without giving Bell vs. Burson, supra, retroactive effect. We disagree. The conviction of Veach occurred after the decision in Bell.

■ Veach has shown the applicability of the statute and that he is thereby adversely affected, or about to be adversely affected by its operation. Persons adversely affected may question the validity of a law. Corlew v. State, 181 Tenn. 220, 180 S.W.2d 900 (1944); Brooks v. Briley, 274 F.Supp. 538, affirmed 88 S.Ct. 1671, 391 U.S. 361, 20 L.Ed.2d 647 (1967).

In fairness to the trial judge, we should point out that the question of the constitutionality of the statute was not urged during the trial of the case nor in the motion for a new trial. It was raised in this Court for the first time.

■ Generally, appellate courts review only questions presented for determination in the trial court. Supreme Court Rules, Rule 14(4) and (5); Kirby v. State, 214 Tenn. 296, 379 S.W.2d 780 (1964); Hester v. State, 2 Tenn.Cr.App. 11, 450 S.W.2d 609 (1969).

■ However, generally a constitutional question may be raised at any time. Shaw v. Woodruff, et al., 156 Tenn. 529, 3 S.W. 2d 167 (1928).

■ Also, the rule will be waived in cases involving the deprivation of life or liberty. Herron v. State, 3 Tenn.Cr.App. 39, 456 S.W.2d 873 (1970).

■ Since Veach's driver's license was illegally and unconstitutionally revoked, his conviction must be reversed and dismissed.

## ON PETITION TO REHEAR

The State has filed a petition to rehear. There is filed as an exhibit to the petition an alleged regulation No. 2 relative to the Financial Responsibility Law, T.C.A. Section 59–1204, issued on June 9, 1971, by the Commissioner of Safety.

Specifically, the petition requests this Court to clarify our original opinion by "determining whether T.C.A. Section 59–1204 and Regulation No. 2 as they presently stand and are applied are constitutionally permissible pursuant to the mandate of Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971)."

■ This Court is not authorized to give an advisory opinion. De Saussure v. Hall, 201 Tenn. 164, 297 S.W.2d 90 (1956).

The petition is denied.

DYER, C. J., HUMPHREYS and McCANLESS, JJ., and WILSON, Special Judge, concur.