Carl Lee **HARRIS**, Appellant,

v.

**STATE of Tennessee**, Appellee.

Court of Criminal Appeals of Tennessee.

June 1, 1978.

Certiorari Denied by Supreme Court Aug. 7, 1978.

Shelburne Ferguson, Jr., Kingsport, for appellant.

Brooks McLemore, Jr., Atty. Gen., Robert L. Jolley, Jr., Asst. Atty. Gen., Nashville, R. Jerry Beck and Michael May, Asst. Dist. Attys. Gen., Blountville, for appellee.

## OPINION

O'BRIEN, Judge.

Carl Lee Harris was indicted and convicted in the Criminal Court of Sullivan County for armed robbery. He was sentenced to thirty years in prison. On appeal to this court his conviction was affirmed and the penalty reduced to not less than ten years nor more than ten years, the minimum sentence for armed robbery, because of an erroneous instruction to the jury. At the time of defendant's trial and conviction T.C.A. Sec. 40–2707 required jury instructions on certain other pardon and parole statutes. Subsequent to defendant's conviction, and prior to the time his appeal was argued in this court, our Supreme Court held in *Farris v. State*, 535 S.W.2d 608, (Tenn.1976), that the pertinent parts of T.C.A. Sec. 40–2707 were unconstitutional and void. On defendant's original appeal we affirmed the judgment of the trial court as to his guilt. In light of the ruling in *Farris, supra*, his sentence for armed robbery was reduced subject to State approval of the reduction in sentence with the provi-

so that in the absence of the State's consent the case was to be retried solely on the issue of punishment. The State declined to accept the reduction in penalty. The case was retried before a new jury on the issue of punishment. Defendant's sentence was set at twenty-one years in the State Penitentiary. This appeal followed.

The defendant makes two assignments of error, he says; (1) the court erred in overruling his motion raising the issue of double jeopardy and the issue of sublimation of the decision of this court to the wishes of the District Attorney General respecting the degree of punishment; (2) the court erred in entering a plea of guilty on behalf of the defendant.

As to the first issue, defendant argues that he has been forced into a situation which violates rights guaranteed to him by the Fifth Amendment to the Constitution of the United States. It is defendant's insistence that he has been tried for the second time for the same offense and punishment has been meted out to him for the second time. He cites as authority the United States Supreme Court cases of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656; *North Carolina v. Rice*, 404 U.S. 244, 92 S.Ct. 402, 30 L.Ed.2d 413.

We are of the opinion that defendant's position is not well taken. Our decision is based precisely on those cases cited by defendant. The *Rice* case, *supra*, as it applies here, does no more than emphasize the rule stated in *Pearce*, that a person may be resentenced; and adds that even a more severe sentence imposed at a second trial does not invalidate the conviction. In stating that conclusion the United States Supreme Court said:

> ". . . It could not be clearer, however, that *Pearce* does not invalidate the conviction that resulted from Rice's second trial; *Pearce* went no further than to affirm the judgment of the federal court ordering Pearce's release 'upon the failure of the state court to *resentence* Pearce within 60 days . . . .' 395 U.S., at 714, 89 S.Ct., at 2075 . .

*Pearce*, in short, requires only resentencing; the conviction is not *ipso facto* set aside and a new trial required. . . ."

In *Pearce, supra*, the defendant was convicted and sentenced to a prison term of twelve to fifteen years. The conviction was reversed in a subsequent post-conviction proceeding. He was retried, convicted, and sentenced to a term which amounted to a longer total sentence than that originally imposed. A habeas corpus petition proceeding was filed in the Federal District Court which ruled that Pearce must be resentenced because the longer sentence imposed upon retrial was unconstitutional and void. The United States Supreme Court granted certiorari and ruled on several issues we deem warrant clarification as they are involved in this case. (1) The constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully credited in imposing sentence upon a new conviction for the same offense. (2) Neither the double jeopardy provision nor the equal protection clause imposes an absolute bar to a more severe sentence upon reconviction. (3) Whenever a more severe sentence is imposed upon a defendant after a new trial, the reasons for doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.

In *Farris v. State, supra*, our Supreme Court cited from *Corlew v. State*, 181 Tenn. 220, 180 S.W.2d 900, in which both the offense and the penalty were reduced on appellate review. In respect to the State's consent and the necessity therefor the court quoted as follows:

"The State has an equal right with the defendant to have the jury fix the term of imprisonment. Since the State may feel that upon reversal and new trial a verdict might be obtained on conviction of defendant for petit larceny properly fixing his imprisonment at a longer term than the minimum of one year provided by statute, we feel that the action heretofore indicated should not be taken except upon the State's consent."

Although the reasons for the reduction in penalty in *Corlew*, and in *Farris*, were dissimilar, it is clear that in *Farris* the court was taking into consideration the societal interest in punishing a defendant whose guilt was clear after he had received a fair trial on the merits. There is no prohibition against the procedure, nor is there any Federal Constitutional violation under the authorities submitted by this defendant. No more do we find any abrogation of his State Constitutional Rights under Article 1, Section 10 of the Constitution of the State of Tennessee as urged by defendant in the trial court. There is no double punishment since defendant is entitled to full credit for all time served on the conviction offense. *North Carolina v. Pearce, supra*. We overrule the assignment.

The contention that it was error for the trial judge to enter a plea of guilty on behalf of the defendant also must fall. The manner in which the jury was informed that their only duty was to fix the punishment is not material. In establishing the criteria for the procedure in *Farris v. State, supra*, the Supreme Court adopted the guidelines for sentencing from *Huffman v. State*, 200 Tenn. 487, 292 S.W.2d 738, as follows:

"Thus both sides may introduce proof as to how the assault was committed, the injuries, aggravation or mitigation, etc., so that the jury may properly fix the penalty. The trial judge *should charge the jury* that the plaintiff in error is guilty of assault and battery and that the fixing of the punishment is all they are to do." (Emphasis supplied).

Defendant was properly tried and found guilty at his original conviction proceeding. On remand the evidence presented against him was minimal. Defendant was given the opportunity to present any evidence pertinent to the issue of his punishment. The sentence of twenty-one years meted out by the jury does not exceed the punishment received at his original conviction proceeding.

We affirm the judgment of the trial court.

RUSSELL, J., and W. WAYNE OLIVER, Special Judge, concur.