**STATE of Tennessee, Appellee,**

v.

**Reginald TUTTON, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Nov. 3, 1993.

Petition to Appeal Denied by Supreme Court April 4, 1994.

Paula Skahan, Memphis, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Joel W. Perry, Asst. Atty. Gen., Crim. Justice Div., Nashville, James C. Beasley, Jr., and Lorraine Craig, Asst. Dist. Attys. Gen., Memphis, for State of Tennessee.

## OPINION

WADE, Judge.

The defendant, Reginald D. Tutton, was convicted of aggravated rape and attempted first degree murder. A charge of kidnapping ended in a mistrial. The trial court sentenced the defendant as a Class A, multiple offender to consecutive prison sentences of 25 and 35 years, respectively.

The single issue presented for review relates to the aggravated rape conviction. The defendant contends the trial court erred by failing to instruct the jury on the lesser included offense of rape.

We find the aggravated rape conviction should be modified to simple rape. We remand to the trial court for a new sentencing hearing.

The defendant is the boyfriend of the victim's aunt. At approximately 11:30 P.M. on June 7, 1991, the victim, Valerie Walton, left a friend's home to walk home. The defendant, driving a brown, four-door car, resembling one owned by the victim's aunt, stopped to talk. After confirming the victim's identity and learning that she intended to go home, the defendant said, "[N]o, you're not, you're going to the park." The victim then attempted to flee, but was overcome by the defendant and led back to the car.

The defendant then told her that he was going to the store to buy beer but indicated that he would take the victim home. After purchasing the beer, defendant returned to his vehicle and instead of driving the victim home, he drove the victim to "the park", an isolated spot on the northern end of Mud Island in Memphis.

When the defendant stopped, the victim attempted to flee but was again subdued by the defendant. After returning her to the car, the defendant removed her clothes and raped the victim in the front seat of the car. Immediately afterward, the victim put her clothes back on and agreed to a walk with the defendant. He warned her to tell no one about the occurrence.

As the two returned to the car, the defendant suddenly struck the victim from behind several times with an object, causing her to fall to the ground. He then stabbed her repeatedly with some type of file. The defendant fled the scene and the victim found her way to the nearby Kimberly Clark guard station from where authorities were contacted.

Dorothy Clark, the guard on duty, testified that the victim was dazed and covered in blood. Initially, paramedics treated the victim. She was hospitalized three days for, among other things, stab wounds to her back, neck, and breast.

While the defendant did not testify, he presented three alibi witnesses. All testified that he was in a different part of Memphis at the time of the offenses.

Defense counsel requested that the trial court instruct the jury on rape, sexual battery, and assault, all lesser included offenses of aggravated rape. The trial court, however, charged the jury solely upon the offense of aggravated rape.

■ Pursuant to Tenn.Code Ann. § 39–13–502(a)(2), the state must prove that a rape is *accompanied by bodily injury* to the victim before the crime may be elevated to that of aggravated rape. *See State v. Locke*, 771 S.W.2d 132 (Tenn.Crim.App.1988). In this appeal, the defendant claims an entitlement to a new trial because the trial court had a duty to instruct the jury on the lesser included offense of rape when the evidence did not show a temporal relationship between the rape and the subsequent stabbing. The state concedes that the record contains no proof that the rape itself was accompanied by bodily injury; it agrees that the defendant stabbed the victim only after the rape had been fully accomplished. The state, however, argues that the remedy is not a new trial; it contends that the defendant's conviction should be modified to simple rape. We agree.

■ We initially observe that the trial judge has the duty to give a complete charge of the law applicable to the facts of the case. *State v. Harbison*, 704 S.W.2d 314, 319 (Tenn.), *cert. denied*, 476 U.S. 1153, 106 S.Ct. 2261, 90 L.Ed.2d 705 (1986). It is settled law that when "there are any facts that are susceptible of inferring guilt on any lesser included offense or offenses, then there is a mandatory duty upon the trial judge to charge on such offense or offenses. Failure to do so denies a defendant his constitutional right of trial by a jury." *State v. Wright*, 618 S.W.2d 310, 315 (Tenn.Crim.App.1981) (citations omitted); Tenn.Code Ann. § 40–18–110. When there is a trial on a single charge of felony, there is also a trial on all lesser included offenses, "as the facts may be." *Strader v. State*, 210 Tenn. 669, 362 S.W.2d 224, 227 (1962).

■ The record demonstrates that intervals of both time and distance separated the two offenses. The crime of rape, according to the account of the victim, had been fully accomplished well before the assault. That statute requires that the rape be "accompanied by" bodily injury to the victim. There was no proof of that here. The trial court's failure to charge the jury on the lesser included offense of rape was, therefore, error. The single remaining question is whether the appropriate remedy is to grant a new trial or to reduce the aggravated rape conviction to one of simple rape and remand for a new sentencing hearing.

Although our appellate courts have not specifically addressed the question of the appropriate remedy when the state concedes that the greater offense is not supported by the evidence and there were no instructions on the lesser offense, this court made the following observation in *Wright:*

> The better practice to be pursued by trial judges undoubtedly is ... to charge upon all offenses embraced in the indictment, because, whenever there is any doubt that the defendant has been prejudiced by such omission, it will be error, for which it will be the *duty of this court to reverse the judgment and remand the case for a new trial.*

618 S.W.2d at 315 (emphasis in original) (quoting *Frazier v. State*, 117 Tenn. 430, 441, 100 S.W. 94 (1906)). In *Strader*, our supreme court agreed that the failure to charge lesser included offenses requires not only a reversal of the conviction but a new trial as well.

In *Bandy v. State*, 575 S.W.2d 278 (Tenn. 1979), however, it was held that when proof of the greater offense was not supported by the evidence the appellate courts "have [the] authority to order a reduction in degree of the offense for which [the] defendants were convicted...." *Id.* at 281 (citing *Corlew v. State*, 181 Tenn. 220, 180 S.W.2d 900 (1944) and *Peters v. State*, 521 S.W.2d 233, 236 (Tenn.Crim.App.1974)). *See also State v. Brown*, 836 S.W.2d 530 (Tenn.1992). The court in *Bandy* ruled that by use of the rationale in *Corlew*, the appellate court must either "reduce the sentence to the minimum

298

prescribed for the lesser offense" or remand to the trial court for a new sentencing hearing. *Id.*

■ If this court were to order a new trial, the trial court could charge the jury only on the crime of simple rape. Tenn.Code Ann. § 39–13–505. The bodily injury did not accompany the rape and the assault with intent to kill occurred as a separate offense. We find there to be a distinction between these circumstances and those instances in which the evidence arguably supports a conviction of either the greater or the lesser offense. While there was insufficient evidence of the greater offense, the proof clearly established the crime of simple rape. Moreover, the jury rejected the alibi defense—one that, if accepted as fact, would have completely exonerated the defendant. In that regard, the defendant had his "day in court." For these reasons, we reject the new trial remedy.

This court recognizes that a new trial is generally the appropriate remedy where there is a failure to charge the jury on lesser included offenses. Under these circumstances, however, and where the evidence at trial was adequate to support the lesser included offense of rape, we elect to reduce the degree of the offense to simple rape and remand to the trial court for resentencing.

BIRCH, J., and F. LLOYD TATUM, Special Judge, concur.