IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 2, 2001

**STATE OF TENNESSEE v. MICHAEL TUCKER**

**Direct Appeal from the Criminal Court for Shelby County
No. 99-05654     Chris Craft, Judge**

—————————

**No. W2000-02220-CCA-R3-CD  - Filed November 20, 2002**

—————————

JOSEPH M. TIPTON, J., dissenting.

I respectfully dissent from the majority opinion.  I believe the trial court erred by limiting the definition of passion to anger relative to the adequate provocation necessary for voluntary manslaughter.

As the majority opinion states, the trial court instructed the jury: "Adequate provocation is one that excites such anger as might obscure the reason or dominate the volition of an ordinary reasonable man."  The definition of adequate provocation is similar to that provided in Black's Law Dictionary (4th ed.), except the trial court substituted anger for the word "passion."  I believe the substitution was critical.

Unquestionably, the passion contemplated for voluntary manslaughter includes anger and related emotions, such as, rage, outrage, and sudden resentment.  See, e.g., State v. Bullington, 532 S.W.2d 556, 559-60 (Tenn. 1976); Drye v. State, 181 Tenn. 637, 646, 184 S.W.2d 10, 13 (1944).  However, it also includes fear, terror, excitement, and nervousness.  See Capps v. State, 478 S.W.2d 905, 907 (Tenn. Crim. App. 1972).  In the present case, the defendant's proof and theory related to self-defense.  In other words, the mental state claimed by the defendant relates to fear or terror, not anger.  Although the jury obviously rejected the self-defense claim by not acquitting him, it could have concluded under the evidence that the defendant acted with such passion that justified voluntary manslaughter.  Therefore, I believe describing adequate provocation only in terms of the defendant's anger constituted reversible error.

———————————————
JOSEPH M. TIPTON, JUDGE