**Ralph J. GONNELLA, Plaintiff–Appellant,**

v.

**Victor S. JOHNSON, III, District Attorney General, Davidson County Tennessee; Brian Holmgren; Robert Carrigan, Defendants–Appellees.**

No. 03–6368.

United States Court of Appeals, Sixth Circuit.

Sept. 10, 2004.

Ralph J. Gonnella, Cranston, RI, pro se.

Michael A. Meyer, Tennessee Attorney General & Reporter, J. Brooks Fox, Metropolitan Government of Nashville & Davidson County, Nashville, TN, for Defendants–Appellees.

Before: SILER, BATCHELDER, and ROGERS, Circuit Judges.

*ORDER*

Ralph J. Gonnella, a Rhode Island resident proceeding pro se, appeals the district court order dismissing his civil rights complaint filed under 42 U.S.C. § 1983.

This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking declaratory and injunctive relief, Gonnella sued Davidson County, Tennessee District Attorney General Victor S. Johnson, III, Assistant District Attorney General Brian Holmgren, and Metropolitan Government of Nashville and Davidson County Detective Robert Carrigan. Gonnella alleged that the defendants were violating his constitutional rights by charging him with aggravated exploitation of a minor in violation of Tenn.Code Ann. §§ 39–17–1004 & 1005 after he took a photograph of his minor son and sent a copy to his former wife. He sought to prevent the defendants from prosecuting him in the criminal court for Davidson County, and moved for a preliminary injunction. The district court held that it should abstain from interfering in the state court prosecution because Gonnella would not suffer irreparable injury and the state court proceedings provided an adequate opportunity to raise his constitutional issues. *See Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

On appeal, Gonnella argues that: (1) the district court erred in failing to intervene in the state court prosecution because the court did not conduct an oral or evidentiary hearing on his claims of a bad faith prosecution, inadequate state procedures for vindicating constitutional rights, and the presence of irreparable harm; and (2) alternatively, abstention was not appropriate in light of the self-evident inadequate state procedures for vindicating constitutional rights in a context where First Amendment protections compel the conclusion that no crime has been committed.

Gonnella has also moved for expedited relief on appeal.

We review de novo a district court's decision to abstain from adjudicating a claim pursuant to the *Younger* doctrine. *Habich v. City of Dearborn,* 331 F.3d 524, 530 (6th Cir.2003).

Upon review, we conclude that the district court properly decided to abstain. Gonnella and his former wife share joint custody of their minor son, who was born in June 1995. In February 2001, while visiting with his son, Gonnella took several photographs. In one of these photos, the child's buttocks, anus, and part of his scrotum were visible. According to Gonnella, he sent the photo to his former wife to find out how the child learned to "moon." Gonnella's former wife took the photograph to Assistant District Attorney Holmgren. In June 2002, Carrigan presented the picture to a Davidson County grand jury. Gonnella was charged with aggravated exploitation of a minor and especially aggravated exploitation of a minor. *See* Tenn.Code Ann. §§ 39–17–1004 & 1005. In addition, his former wife used the photo to challenge Gonnella's right to custody, and the Tennessee Department of Children's Services attempted to take emergency custody of the child. In both cases, the courts ruled in Gonnella's favor. Gonnella was arraigned on August 14, 2002, and filed his district court complaint on August 29, 2002.

*Younger* abstention was proper. Under the abstention doctrine announced in *Younger,* federal courts should abstain from deciding a matter that implicates pending state criminal proceedings. 401 U.S. at 43–45, 91 S.Ct. 746. The three factors that support *Younger* abstention were present in this case. First, there is no dispute that there was an ongoing state judicial proceeding when Gonnella filed his complaint. Second, state criminal proceedings involve important state interests.

See, e.g., Cooper v. Parrish, 203 F.3d 937, 954 (6th Cir.2000). Third, the state court proceedings provide an adequate opportunity to raise constitutional challenges. See State v. Draper, 800 S.W.2d 489, 497 (Tenn.Crim.App.1990); Veach v. State, 491 S.W.2d 81, 83 (Tenn.1973). Indeed, documents that Gonnella placed in the record show that he raised a constitutional and a statutory challenge to his prosecution in the criminal court.

In addition, none of the exceptions to Younger abstention applied here. See Moore v. Sims, 442 U.S. 415, 424, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979); Huffman v. Pursue, Ltd., 420 U.S. 592, 611, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975). Gonnella alleged that his prosecution was in bad faith, but raised nothing more than conclusory allegations to support his claim. As the district court observed, Gonnella did not explain why the defendants would want to interfere with his parental rights. He pointed to the fact that he succeeded in retaining custody rights in state proceedings as proof that he did nothing wrong. Gonnella also admitted, however, that when he challenged the application of the statute used to prosecute him, the court in his criminal case ruled that the issue should be resolved by the trier of fact. Because the alleged threat to Gonnella's federal rights is one that can be eliminated by his defense against the criminal prosecution, the district court properly abstained from intervening in the state court prosecution. See Younger, 401 U.S. at 46, 91 S.Ct. 746.

For the foregoing reasons, we deny Gonnella's motion for expedited relief on appeal and affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.