LUTHER THOMAS BOWLING, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

458 S.W.2d 639.

Court of Criminal Appeals of Tennessee. July 1, 1970.

Certiorari Denied by Supreme Court Sept. 21, 1970.

Richard Stair, Jr., Donald R. Coffey, Knoxville, for plaintiff in error.

David M. Pack, Atty. Gen., Arnold Peebles, Jr., Asst. Atty. Gen., Nashville, Zane Daniel, Asst. Dist. Atty. Gen., Powell, Robert Bird, Special Counsel, Knoxville, for defendant in error.

## OPINION

WALKER, Presiding Judge.

From his conviction of first degree murder with a sentence of fifty years' imprisonment, the defendant appeals to this court, first contending that the evidence does not support the verdict.

The victim, Jacqueline Williams, age 22, was the adopted daughter of Mrs. Frances Williams and was pregnant by the defendant at the time of her death.

The State's proof showed that he was no longer welcome at the Williams home and he had threatened to kill Miss Williams on an occasion about two and a half months before the occasion in question.

On September 20, 1968, he had telephoned Miss Williams but she declined permission for him to visit

her that night. He came anyway and knocked on the locked door. Mrs. Frances Williams told him to leave, but he insisted that he needed some papers which he had left with some clothes to be laundered.

The victim brought the papers and unlocked the door to deliver them, saying "Now, Tommy, don't bother us no more until you straighten up." When she opened the door, he mortally stabbed her in the chest with a knife. Mrs. Williams did not realize that the defendant had used a knife until her daughter said, "Mama, I am not hit. Tommy has cut me." The defendant picked up his papers and ran out of the house, telling Mrs. Williams, "I'll get you later."

He was apprehended at a restaurant where he had gone for breakfast. After identifying the knife on interrogation, he said that he had wiped the blood from it. When asked why he killed Miss Williams, he replied "self-defense" but made no further explanation.

The defendant testified that about three months earlier Miss Williams had accused him of seeing another woman; that she broke his hand by striking it with a poker. He denied that he had been asked to stay away from the Williams home or that he came there for any papers. He said that he came there that night and that he and Miss Williams listened to the radio and watched television.

Following some conversation when he was about ready to leave, the defendant says that Miss Williams struck at him with the poker, he grabbed her arm and scuffled with her; that he opened his knife and hit her to free

himself, but that he did not intend to kill her. He denied any previous threat or that he told Mrs. Williams he would "get her."

The jury accepted the State's theory of the case and did not believe the defendant. In considering and passing on the assignments on the weight of the evidence, this court is bound by the rule that a conviction will not be reversed on the facts unless it is shown by the defendant the evidence preponderates against the verdict and in favor of his innocence. Schweizer v. State, 217 Tenn. 569, 399 S.W.2d 743. This he has not done. The evidence abundantly sustains his conviction.

The defendant says that the assistant district attorney general's argument to the jury was prejudicial in that it referred to inflammatory newspaper articles about an acquittal in another prosecution entirely unrelated to the defendant's case.

When the defendant objected to this argument, the court promptly sustained him and instructed the jury to disregard it. A prosecutor should not inject extraneous issues in the case by his argument. Predictions as to the consequence of an acquittal on lawlessness in the community also go beyond the scope of the issues in a trial and should be avoided. In view of the trial judge's prompt instructions to the jury to disregard these comments of the assistant district attorney, the error was harmless. See Williams v. State, 218 Tenn. 359, 403 S.W.2d 319.

The defendant contends the court erred in admitting his confession without evidence in the record that he

knowingly and intelligently waived his constitutional rights against self-incrimination and to the right of counsel.

The defendant was thoroughly warned of all his constitutional rights. He said he would rather not sign the waiver. He chose not to call a lawyer but did ask and was given permission to call his employer. He did not object to the testimony about his warning or to the admission of his statement which was that he acted in self-defense. He did not testify on the question or raise any objection at the trial or by his motion for a new trial. Objections to evidence must be timely made or they are waived and cannot be raised for the first time on appeal. Floyd v. State, Tenn.Crim.App., 430 S.W.2d 888.

Furthermore, we think the confession was admissible under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Once a defendant has been informed of his rights and indicates he understands those rights, his choosing to speak and not requesting a lawyer is sufficient evidence that he knows his rights and chooses not to exercise them. Of course, the attendant facts must show clearly and convincingly that he did relinquish his constitutional rights, knowingly, intelligently, and voluntarily, but a statement by the defendant to that effect is not essential in the chain of proof. See People v. Johnson (Supreme Court of California, 1969), 75 Cal.Rptr. 401, 450 P.2d 865, 874; United States v. Hayes (4th Cir. 1967), 385 F.2d 375; State v. Matt (Supreme Court of Oregon), 444 P.2d 914. The accused here voluntarily waived his right to remain silent and to counsel.

All assignments are overruled and the judgment of the lower court is affirmed.

HYDER and DWYER, JJ., concur.