Ronald Russell SMITH and William Raymond Beard, Jr., Petitioners,

v.

STATE of Tennessee, Respondent.

Supreme Court of Tennessee.

Sept. 2, 1975.

George M. Derryberry, L. Hale Hamilton, William C. Carriger, Chattanooga, for petitioners.

R. A. Ashley, Jr., Atty. Gen., Bart Durham, Asst. Atty. Gen., Nashville, for respondent.

## OPINION

FONES, Chief Justice.

Ronald Russell Smith and William Raymond Beard, Jr., were convicted upon a joint trial for armed robbery. Both men received sentences of twenty-five (25) years in the state penitentiary which were upheld by the Court of Criminal Appeals. Judge W. Wayne Oliver dissented from that court's denial of the defendants' petitions to rehear. We granted certiorari and have heard oral argument limited to the issues of whether the closing argument of the assistant district attorney general was improper, and if so, was it prejudicial.

Defendants' petitions to rehear filed in the Court of Criminal Appeals were grounded upon the unreported decision of another panel of that court captioned *Alex Biles, Jr. v. State of Tennessee*, No. 358 (opinion filed November 6, 1973). The same prosecutor and trial judge that were involved in the *Biles* case took part in the instant case. In *Biles*, Presiding Judge Mark A. Walker found the prosecutor's closing argument to be patently improper. We cannot help but note the striking similarity between the argument condemned in *Biles* and that which is now before us.

In both cases the prosecutor addressed some jurors by name and asked if they were afraid to go out to dinner with their wives, or answer their doorbell, or stop at a street light for fear of the criminal element. See, *Scarborough v. City of Lewisburg*, 504 S.W.2d 377 (Tenn.App.1973), a civil case that discourages "use of a given, or first name, which is widely recognized as a symbol of familiarity, uncharacteristic of the detached positions of counsel and juror." *Id.* at 384.

Predictions were made as to the consequences that a light sentence would have on lawlessness in the community. *Bowling v. State*, 3 Tenn.Cr.App. 176, 458 S.W.2d 639 (1970) warns that such statements should be avoided. The prosecutor's argument in both cases portrayed the defendants as representatives of the one percent of Hamilton County that comprised the criminal element. They were pictured as trying to bully the jury, who represented the other ninety-nine percent of the people. Such a characterization was not warranted by the evidence, nor did the manner in which the defendants or their counsel conducted themselves during the trial give cause for such remarks.

■ The assistant district attorney general in both cases recommended to the jury a sentence of five hundred (500) years. In the present instance, he maintained that there were reasons for his recommendation that he could not reveal. He suggested that the defendants would not want such matters explained to the jury. These statements could have been taken by the jury to mean that they should set the punishment at a high number of years, rather than at a life sentence, in order to extend the time before the defendants could become eligible for parole. Any reference to parole possibilities during argument would have been improper. See, *Graham v. State*, 202 Tenn. 423, 304 S.W.2d 622 (1957). We cannot condone any method, albeit an indirect one, that seeks to achieve that prohibited goal. Such statements are not made any less objectionable by the fact that the jury did not actually follow the prosecutor's recommendation of five hundred (500) years.

Throughout the argument there were numerous remarks that the defendants wanted sentences of fifteen (15), twenty (20), or twenty-five (25) years; in other instances, that they were hoping for a life sentence. These statements were not warranted by anything that appears in the record. They suggest that plea negotiations had been engaged in and failed, because of undue obstinance on the part of the defendants.

At the conclusion of the assistant district attorney general's remarks, counsel for both defendants immediately objected to the argument as improper. They also moved for a mistrial and cited some of the grounds mentioned above. The trial judge overruled the objections and motions for mistrial. He did not issue any instructions

to the jury to cure the effects of these remarks. Counsel for the defendants repeated and expanded their objections to these remarks in their motions for new trial, which were also denied.

■ We recognize that argument of counsel is a valuable privilege that should not be unduly restricted. Our courts seek to give great latitude to counsel in expressing their views of the case to the jury. In support of this policy trial judges have wide discretion in controlling the argument of counsel, and their action will not be reviewed absent abuse of that discretion. *White v. State*, 210 Tenn. 78, 356 S.W.2d 411 (1962).

■ While keeping this policy in mind, we nevertheless hold that the remarks under scrutiny in this case go beyond the limits of legitimate argument. The cumulative impact of the various statements referred to above undoubtedly had a prejudicial effect on the jury. Due to the nature of the remarks, however, we think that the harmful effects were in the area of sentencing rather than that of determining guilt or innocence. The evidence of guilt is overwhelming. Therefore, the judgment of guilty is affirmed. In accordance with *Corlew v. State*, 181 Tenn. 220, 180 S.W.2d 900 (1944), we vacate the punishment set in each case and fix the term of imprisonment for each defendant at the minimum sentence for armed robbery, ten (10) years in the penitentiary, subject to the consent of the State. Should the State not accept the reduction in sentence, the case will be remanded for a new trial solely on the issue of punishment, in accordance with the guidelines provided by *Huffman v. State*, 200 Tenn. 487, 292 S.W.2d 738 at 743 (1956).

COOPER, HENRY, BROCK and HARBISON, JJ., concur.

OPINION ON PETITION TO REHEAR

FONES, Chief Justice.

■ The State argues in its petition to rehear that it is permissible, in view of the last paragraph of T.C.A. § 40–2707, for prosecuting attorneys to argue to the jury the various parole possibilities available to defendants after they have been sentenced and incarcerated.

The last paragraph of T.C.A. § 40–2707, which requires the trial judge to charge the jury with provisions of the Code dealing with parole and honor time, did not become effective until May 4, 1973. Act 1973, ch. 163, § 2. This was after the trial in this case, which was held on March 23, 1973.

The reference, by implication, to parole possibilities was no more than a cap on the iceberg of improprieties committed during the argument of this case.

The petition to rehear is denied.

COOPER, HENRY, BROCK and HARBISON, JJ., concur.