# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### JUNE 1998 SESSION

FILED

July 15, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| Appellee, | ) | **C.C.A. NO. 03C01-9709-CR-00387** |
| | ) | |
| | ) | **KNOX COUNTY** |
| VS. | ) | |
| | ) | **HON. RICHARD R. BAUMGARTNER,** |
| **MARCUS WELCOME,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Robbery) |

<u>FOR THE APPELLANT:</u>

**MARK E. STEPHENS**
District Public Defender

**R. SCOTT CARPENTER**
Asst. Public Defender
1209 Euclid Ave.
Knoxville, TN 37921

<u>FOR THE APPELLEE:</u>

**JOHN KNOX WALKUP**
Attorney General & Reporter

**TODD R. KELLEY**
Asst. Attorney General
John Sevier Bldg.
425 Fifth Ave., North
Nashville, TN  37243-0493

**RANDALL NICHOLS**
District Attorney General

**MARSHA SELECMAN**
Asst. District Attorney General
        -and-
**JERRY HALL**
Acting Asst. District Attorney General
City-County Bldg.
Knoxville, TN 37902

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Judge

**O P I N I O N**

The defendant was indicted for robbery. Following a trial, the jury returned a verdict of guilty. In this appeal as of right, the defendant argues that the convicting evidence is insufficient to sustain his conviction and that a remark made by the prosecutor during closing argument amounts to reversible error. Finding no merit in the defendant's arguments, we affirm.

The victim and a friend drove to a Knoxville nightclub. They became separated when the nightclub closed, so the victim went to his car and began slowly driving in the area searching for his friend. The defendant was standing down the street on the corner. When the victim drove by, the defendant asked the victim for a ride home, and the victim agreed. The victim continued to look for his friend for approximately ten minutes, but when he still did not spot him, he decided to drive the defendant home.

As the victim drove, the defendant gave directions to an apartment complex. The victim slowed the car and shifted the transmission into "park" to allow the defendant to exit the car. The defendant reached over, grabbed the keys from the ignition, and ran from the car. When the victim pursued him, the defendant stated, "Don't be stupid, I have a gun" and acted as if he were reaching for a gun. The defendant then ran back to the car and began to drive away. The victim grabbed the partially opened passenger's side window and tried to open the door to stop the defendant. The defendant struck the victim's hands several times and continued to drive away with the victim hanging on to the car. The victim was dragged one quarter of a mile before he lost his grip.

The victim walked to a nearby store where he called the police to report the

2

incident. He was taken to the hospital, where he was treated for a sprained knee and several abrasions to his arms and legs. Meanwhile, the victim's car, which was being driven by the defendant, was spotted, and the defendant was pulled over, arrested, and transported to the police station. When the victim was released from the hospital, he identified the defendant.

On appeal, the defendant argues that the evidence is insufficient to support his conviction, in that the proof does not support the elements charged by the indictment. The defendant was indicted for robbery under T.C.A. § 39-13-401, which defines robbery as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear." Even though robbery only requires proof of either violence or fear, not both, the indictment in this case charged that the defendant "did unlawfully, knowingly, by violence and by putting [the victim] in fear, take from the person of [the victim] a 1982 Pontiac Trans Am motor vehicle, in violation of T.C.A. 39-13-401." Even so, the State presented sufficient evidence of both violence and fear. In an effort to take the victim's car from the victim, the defendant struck the victim's hands several times and dragged the victim for one quarter of a mile as the victim hung on to the car. This shows the defendant took the victim's property by violence. Moreover, the victim testified he became scared when the defendant threatened he had a gun, which shows that the defendant also used fear to separate the victim from his property. Since the State presented adequate proof of both violence and fear, as provided in the indictment, the defendant's argument is without merit.

The defendant also argues that a remark made by the prosecutor during closing argument amounts to reversible error. During the State's closing argument, the prosecutor told the jury, "If you don't find the defendant guilty, if you come back with a

3

not-guilty, he is going to walk out -- right out of this courtroom -- a free man. He is going to rob someone else." Defense counsel objected to this remark as improper, and the trial court agreed. Defense counsel moved for mistrial, which the trial court denied. However, shortly after the prosecutor's remark, the trial court sua sponte instructed the jury to "disregard any remark that applies to any suggestion of future conduct." The defendant now argues that nothing short of declaring a mistrial could have cured the prejudice enured to him by the prosecutor's improper remark.

Statements made in closing argument constitute reversible error only when the statements were improper and that impropriety affected the verdict. State v. Sutton, 562 S.W.2d 820 (Tenn. 1978); State v. Pulliam, 950 S.W.2d 360 (Tenn. Crim. App. 1996). Commentary on the consequences of an acquittal are generally improper. See Coker v. State, 911 S.W.2d 357 (Tenn. Crim. App. 1995); Bowling v. State, 3 Tenn. Crim. App. 176, 458 S.W.2d 639 (1970). Nevertheless, in evaluating the impact of the remark, this Court must consider the conduct in context; the curative measures undertaken; the prosecutor's intent in making the statement; the cumulative effect of the improper conduct and any other errors in the record; and the relative strength or weakness of the case. Judge v. State, 539 S.W.2d 340, 344 (Tenn. Crim. App. 1976); see State v. Buck, 670 S.W.2d 600, 609 (Tenn. 1984).

Here, the prosecutor's remark was not the central focus of his closing argument, and the record does not indicate that the prosecutor made the remark in bad faith. In context, it was little more than a passing remark, and almost immediately, the trial court warned the jury to disregard the prosecutor's remark and base its decision solely upon the evidence presented on the charged crime. The defendant does not allege that the cumulative effect of this improper remark combined with other errors in the

record was great; in fact, the defendant fails to identify any other errors in the record. Considering all of this in conjunction with the strength of the State's case, we conclude that the prosecutor's remark was not so inflammatory that it affected the verdict to the defendant's detriment, and we thus necessarily reject the defendant's argument that the prosecutor's remark was incurably prejudicial.  See Pulliam, 950 S.W.2d at 369 & n.3.

The defendant's conviction is affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
JOSEPH M. TIPTON, Judge

_____
DAVID G. HAYES, Judge