# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### April 7, 2011 Session

## STATE OF TENNESSEE v. ALFRED TURNER

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Shelby County**
**No. 04-02872      W. Otis Higgs Jr., Judge**

---

**No. W2007-00891-SC-R11-CD - Filed October 12, 2011**

---

The defendant was indicted for a murder that occurred nearly ten years prior to his arrest. The defendant's theory of the case implicated two other men as the individuals responsible for the murder. These men previously had been tried and acquitted of the murder. Over the objection of the defendant, the State introduced evidence of the prior acquittals of the other men. A jury convicted the defendant of facilitation of first degree murder. The Court of Criminal Appeals reversed and remanded the case for a new trial, holding that the evidence of the acquittals of the other parties was irrelevant and that the erroneous admission of the evidence was not harmless. We affirm the judgment of the Court of Criminal Appeals.

**Tenn. R. App. P. 11 Appeal by Permission;**
**Judgment of the Court of Criminal Appeals Affirmed**

JANICE M. HOLDER, J., delivered the opinion of the Court, in which CORNELIA A. CLARK, C.J., and GARY R. WADE, WILLIAM C. KOCH, JR., and SHARON G. LEE, JJ., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; Gordon W. Smith, Associate Solicitor General; and Rachel E. Willis, Assistant Attorney General, for the appellant, State of Tennessee.

Lance Randall Chism (on appeal) and Gerald Skahan and Juni Ganguli (at trial), Memphis, Tennessee, for the appellee, Alfred Turner.

Emily Campbell Taube and James Bennett Fox Jr., Memphis, Tennessee, for the amicus curiae, Katherine Klyce.

**OPINION**

## I. Facts and Procedural History

On April 22, 2004, the Shelby County Grand Jury indicted Alfred Turner ("Defendant") for the murder of Emily Fisher. Ms. Fisher had been killed in her home nearly ten years earlier, on February 27, 1995. Two other men, Rodney Blades and George Tate, previously had been arrested, tried, and acquitted in 1996 for the murder of Ms. Fisher.

Prior to Defendant's scheduled trial date, Defendant filed a "Motion to Exclude Reference by the State of Tennessee to the Arrest, Indictment, or Acquittals of George Tate and Rodney Blades." At a hearing on the motion, Defendant argued that he planned to implicate Mr. Blades and Mr. Tate in the crime and that the State's reference to their acquittals would prevent the jury from properly weighing the evidence presented. Defendant also argued that any evidence that Mr. Blades and Mr. Tate were acquitted in the previous trial was irrelevant because a finding of "not guilty" indicates only that the State did not meet its burden of proof, not that Mr. Blades and Mr. Tate were innocent of the charges.

The State advised the trial court that it would call Mr. Blades and Mr. Tate to testify and maintained that each should be permitted to state that he had been acquitted of the charge of the murder of Ms. Fisher. The State argued that it would be unfair to prevent testimony of their acquittals in light of Defendant's position that Mr. Blades and Mr. Tate committed the crimes. The State also argued that the credibility of Mr. Blades and Mr. Tate would be at issue when they testified, making the issue of their acquittals relevant. The State observed that the jury could become confused when testimony from the prior trial was read into the record without explanation of the purpose for the prior trial.

The trial court denied Defendant's motion in limine provisionally, allowing an objection to be raised again during the trial. The trial court also suggested that the parties not mention the acquittals during opening statements unless the defense first raised the issue. Prior to the State's opening statement, however, the trial court ruled that the State would be permitted to mention the acquittals of Mr. Blades and Mr. Tate in its opening statement.

As a result of that ruling, the State informed the jury of the acquittals of Mr. Blades and Mr. Tate for the murder of Ms. Fisher. Defense counsel's opening statement implicated Mr. Blades and Mr. Tate in the murders, stating that the State "took them to trial" and "sought to execute them and . . . lost. . . . [The State] let Blades and Tate get away with murder."

In its case in chief, the State put on numerous witnesses who described the scene of the murder, the evidence collected at the crime scene, and the course of the investigation of the murder. The key witness in the State's case was Mr. Williams, who claimed that he accompanied Defendant to the crime scene and saw Defendant murder Ms. Fisher. In addition, the State elicited testimony from Mr. Blades and Mr. Tate that they had been acquitted in a prior trial.

Many of the witnesses in the prior trial of Mr. Blades and Mr. Tate were unavailable because of the length of time between Defendant's trial and the trial of Mr. Blades and Mr. Tate. As a result, much of Defendant's evidence included prior testimony from the trials of Mr. Blades and Mr. Tate that implicated them in the murder of Ms. Fisher.

The jury convicted Defendant of facilitation of felony murder and facilitation of second degree murder. The trial court merged the convictions and sentenced Defendant to twenty-five years as a Range I standard offender.

Defendant appealed. The Court of Criminal Appeals determined that although the evidence was sufficient to support Defendant's convictions, the testimony concerning the acquittals of Mr. Blades and Mr. Tate in their prior trial was irrelevant and that the erroneous admission of the evidence was not harmless. The Court of Criminal Appeals reversed the trial court and remanded the case for a new trial. We granted the State's appeal.

## II. Analysis

The basis for Defendant's motion to exclude the evidence of the acquittals of Mr. Blades and Mr. Tate was that the evidence was not relevant or, in the alternative, that the evidence was inadmissible as unfairly prejudicial.

Tennessee Rule of Evidence 402 permits all relevant evidence to be admitted unless otherwise provided by constitution, evidentiary rule, or other Tennessee rule or law. Irrelevant evidence is not admissible. Tenn. R. Evid. 402. Evidence is relevant if it has a tendency to make a fact that is of consequence to the action more or less probable. Tenn. R. Evid. 401. Relevant evidence may be excluded, however, "if its probative value is substantially outweighed by the danger of unfair prejudice." Tenn. R. Evid. 403.

We review a trial court's decision to admit evidence as relevant under an abuse of discretion standard. State v. Gilliland, 22 S.W.3d 266, 270 (Tenn. 2000). A decision to admit evidence will be reversed "only when the court applied an incorrect legal standard, or reached a decision which is against logic or reasoning" and the admission of the evidence

"caused an injustice to the party complaining." Gilliland, 22 S.W.3d at 270 (quoting State v. Shirley, 6 S.W.3d 243, 249 (Tenn. 1999)).

The State has argued that evidence of the prior acquittals of Mr. Blades and Mr. Tate is relevant as "context evidence," relevant to the credibility of Mr. Blades and Mr. Tate, and relevant to rebut Defendant's theory concerning the commission of the crime. We address each of these arguments in turn.

## A. "Context" Evidence

This Court has held that evidence of other crimes, wrongs, or acts may be relevant to provide a contextual background for the case at trial. Gilliland, 22 S.W.3d at 270-72. When evidence is admitted for this purpose, however, the trial court must find that:

> (1) the absence of the evidence would create a chronological or conceptual void in the state's presentation of its case; (2) the void created by the absence of the evidence would likely result in significant jury confusion as to the material issues or evidence in the case; and (3) the probative value of the evidence is not outweighed by the danger of unfair prejudice.

Gilliland, 22 S.W.3d at 272. The State argues that the evidence is admissible pursuant to Gilliland because the evidence fills a chronological void. We disagree.

We observe that the absence of the evidence of the acquittals of Mr. Blades and Mr. Tate in this case would not present a chronological void that would confuse the jury. The testimony at trial reflected that this was a cold case and that the Shelby County district attorney general's office investigated the crime for several years until it found a witness who led it to Defendant. The testimony at trial regarding the course of the investigation explained the chronological void and included evidence that other suspects were previously tried for the crime. Evidence of the outcome of another trial, however, does not assist the jury in its understanding of the events.

A decision by the trial court to admit the evidence as contextual background evidence applied an incorrect legal standard. Gilliland, 22 S.W.3d at 270. The evidence of the prior acquittals of Mr. Blades and Mr. Tate as context evidence, therefore, was inadmissible.

## B. Credibility

The State has also argued that the acquittals of Mr. Blades and Mr. Tate were relevant because their credibility was at issue in the trial of this case. The State argues that the evidence demonstrated that Mr. Blades and Mr. Tate had no "motive to lie at [D]efendant's trial."

In general, until the truthfulness of a witness has been attacked, evidence concerning the truthful character of a witness is not relevant. See Tenn. R. Evid. 608(a) ("[E]vidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked."). The motion to exclude evidence of the acquittals of Mr. Blades and Mr. Tate was made before they testified. It would therefore be premature to admit evidence of the acquittals of Mr. Blades and Mr. Tate on this basis.

Moreover, evidence of the prior acquittals of Mr. Blades and Mr. Tate is not relevant to their truthfulness. Mr. Blades and Mr. Tate testified in their previous trial that they did not kill Ms. Fisher. If Mr. Blades and Mr. Tate did, in fact, kill Ms. Fisher, they would have ample motivation to lie. Although Mr. Blades and Mr. Tate are protected from further prosecution for the murder of Ms. Fisher by the double jeopardy clauses of the Tennessee and United States constitutions, see State v. Denton, 938 S.W.2d 373, 378 (Tenn. 1996), it is difficult to imagine a scenario in which a defendant who "got away with murder" would confess to the crime in a subsequent trial.

Finally, we observe that Mr. Blades and Mr. Tate were acquitted of the murder in 1996. The trial of the defendant occurred eleven years later. The general rule is that convictions that are more than ten years old[1] are inadmissible to impeach the truthfulness of a witness.[2] See Tenn. R. Evid. 609(b). To admit evidence of an acquittal for a crime to support the truthfulness of the witness is illogical when the evidence of the conviction for the same crime would be barred to demonstrate the untruthfulness of the witness.

We therefore conclude that the trial court applied an incorrect legal standard and erred in admitting the evidence of the acquittals of Mr. Blades and Mr. Tate for the purpose of demonstrating their credibility. Gilliland, 22 S.W.3d at 270.

---

[1] The time limit begins to run from the date of release or the date of conviction if no prison sentence is imposed. See Tenn. R. Evid. 609(b).

[2] Convictions older than ten years may be admitted in exceptional circumstances if "the court determines in the interests of justice that the probative value of the conviction, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Tenn R. Evid. 609(b).

## C. Rebuttal of Defendant's Theory of the Defense

The State asserts that the evidence of the acquittals of Mr. Blades and Mr. Tate was relevant based on Defendant's theory that they were responsible for the murder of Ms. Fisher. The State concedes, however, that it would be improper to argue that Mr. Blades and Mr. Tate "didn't do it because they were acquitted."

This Court has recognized that a criminal defendant has the right to a defense. Included within that right is the right to present evidence that a person other than the defendant committed the crime. State v. Rice, 184 S.W.3d 646, 671 (Tenn. 2006) (citing State v. Powers, 101 S.W.3d 383, 394 (Tenn. 2003)); see also Holmes v. South Carolina, 547 U.S. 319, 330-31 (2006). In the present case, Defendant has a right to suggest that Mr. Blades and Mr. Tate were the persons responsible for the murder of Ms. Fisher.

The State's reliance on the evidence of the acquittals of Mr. Blades and Mr. Tate to rebut Defendant's theory of the case is not well-founded. For the evidence of the acquittals of Mr. Blades and Mr. Tate to be relevant to rebut the defense, the evidence would have to make it "more probable or less probable" that they committed the murder. Tenn. R. Evid. 401. The acquittals do not meet this requirement.

An acquittal is not evidence of innocence but rather evidence of the failure of the State to prove guilt of a defendant beyond a reasonable doubt. See Tenn. Code Ann. § 39-11-201(a) (2010). Although the acquittal carries legal force, the conclusion reached was based on the evidence considered by the jury in the previous trial, which is necessarily different than the evidence considered in Defendant's case. Stated otherwise, the acquittals of Mr. Blades and Mr. Tate are the opinions of twelve jurors who were charged with the responsibility of determining whether the State had proven its case beyond a reasonable doubt. When considering all of the evidence before them, the jurors in Defendant's case may come to a different conclusion concerning the responsibility of Mr. Blades and Mr. Tate. The evidence of the prior acquittals therefore does not demonstrate that it is more or less probable that Mr. Blades and Mr. Tate committed the crime and is inadmissible to demonstrate their innocence.

The issue of the guilt or innocence of Mr. Blades and Mr. Tate was fundamental to Defendant's theory of the case. The introduction of evidence of the prior acquittals of Mr. Blades and Mr. Tate invited the jury in this case to rely on the prior verdicts as substantive evidence of the innocence of Mr. Blades and Mr. Tate. The evidence of the acquittals suggested that they were previously determined to be innocent of the murder and more probably than not affected the jury verdict. We hold that the error was not harmless and the

trial court committed reversible error. <u>See</u> Tenn. R. App. P. 36(b); <u>State v. Rodriguez</u>, 254 S.W.3d 361, 372 (Tenn. 2008). We therefore remand the case for a new trial.

## III. Conclusion

Under the facts of this case, we hold that the evidence of a prior acquittal of an individual for the crime for which the defendant is on trial is not relevant as context evidence, relevant to the credibility of the witness, or relevant to rebut a defense theory that the other individual committed the crime. We also hold that the erroneous admission of the evidence was not harmless. We vacate the defendant's conviction and remand for a new trial consistent with this opinion. Costs of this appeal are taxed to the State of Tennessee.

_____
JANICE M. HOLDER, JUSTICE