# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
November 9, 2011 Session

## STATE OF TENNESSEE v. MICHAEL W. HUNTER

**Direct Appeal from the Circuit Court for Dickson County**
**No. 22CC-2010-CR-81      Robert E. Burch, Judge**

---

**No. M2011-00535-CCA-R3-CD - Filed July 17, 2012**

---

Defendant, Michael W. Hunter, was indicted by the Dickson County Grand Jury for aggravated robbery. Following a jury trial, Defendant was convicted as charged and sentenced by the trial court to 10 years' incarceration. Defendant appeals his conviction and assigns the following errors: 1) the trial court abused its discretion by admitting into evidence a garbage bag found in Defendant's vehicle after the robbery; and 2) the prosecutor committed prosecutorial misconduct during closing arguments by improperly arguing facts not in evidence. Finding no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

James L. Baum, Burns, Tennessee, for the appellant, Michael W. Hunter.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Dan Mitcham Also brooks, District Attorney General; and W. Ray Crouch, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

Although Defendant does not challenge the sufficiency of the convicting evidence, a brief summary of the facts underlying Defendant's conviction is necessary for a determination of the issues on appeal.

James Church was working as a hotel clerk at the Ramada Inn in Dickson on November 9, 2009. At approximately 7:30 p.m., Defendant walked in wearing a jacket, and his hands were in his pockets and the hood was pulled over his head. Mr. Church asked Defendant if he could help him, and Defendant pulled out a gun and a garbage bag and told

Defendant to "fill the bag up." A video from the motel's security camera showed an armed man enter the lobby and take money, which he placed into a garbage bag, and then fled the scene in a car.

On the night of the robbery, Alverto Munioz was at the Ramada Inn for the purpose of inquiring about leasing pool tables to the bar. Mr. Munioz observed two men driving around the motel in a gray or "dirty white" colored car. He saw the driver pull out of a parking space and stop and reverse back into the space when Mr. Munioz drove toward him. Mr. Munioz testified that the passenger in the vehicle was wearing a hooded jacket.

Detective Chad Fussell of the Dickson Police Department investigated the robbery. On December 17, 2009, Detective Fussell executed a search warrant of Defendant's vehicle, which was not the same vehicle used as the getaway car. Detective Fussell found a black garbage bag in Defendant's vehicle. Detective Fussell testified that there was nothing in the garbage bag to indicate that it had been used in the robbery. Detective Fussell also found a tan jacket, which he determined was not the same jacket worn by the perpetrator. Neither the gun, nor the driver of the getaway car, was ever located.

As to Defendant's proof, Eddie Chisholm, a distant cousin of Defendant, testified that Defendant was at his home on the evening of the incident. He testified that Defendant arrived at his home in Nashville at approximately 5:00 p.m. Defendant left his home at approximately 7:15 p.m. Mr. Chisholm specifically remembered that Defendant stayed to watch the beginning of a television show that started at 7:00 p.m.

Richard Cochran, Defendant's brother, testified that he lived with Defendant at the time of the robbery. On that date, Mr. Cochran left work and went to Kroger's. He left Kroger's at 7:40 p.m., and when he arrived home, Defendant was "laying on the couch watching T.V. in his shorts and a t-shirt." Mr. Cochran testified that he had a receipt from Kroger's showing the date and time, but he "forgot to bring it with [him]" to court.

Defendant denied that he was the man pictured in the photo stills taken from the motel security video and denied being in Dickson on the night of the robbery. Defendant testified that he was at Mr. Chisholm's house from approximately 5:00 p.m. until 7:15 p.m. Defendant did not recall having a garbage bag in his car and denied having put one in his car. Defendant speculated that a coworker may have put the garbage bag in his car to have something on which to sit because his car had a leak. Defendant acknowledged that he had prior convictions for aggravated assault, evading arrest, and reckless driving.

*Relevancy of the evidence*

Defendant asserts that the trial court abused its discretion by admitting into evidence a garbage bag found in Defendant's vehicle. At trial, the State sought to introduce the garbage bag through Detective Fussell's testimony, and Defendant objected, arguing that the evidence lacked relevance. On cross-examination, defense counsel questioned Detective Fussell about the garbage bag as follows:

> Q. Now, this garbage bag that you have in front of you, that's – that's a typical garbage bag you can buy at Kroger's, Wal-Mart, all over the –
>
> A. Yes.
>
> Q. – county.
>
> A. Yes, sir.
>
> Q. Nothing in that bag would indicate that that was the bag used in any robbery?
>
> A. No, sir.

The trial court admitted the garbage bag into evidence over defense counsel's objection:

> [ASSISTANT DISTRICT ATTORNEY]: I would ask that this be marked as Exhibit 9 and moved into evidence.
>
> [DEFENSE COUNSEL]: Objection on the basis of relevancy, Your Honor. He testified that there was no evidence that was the bag used at the crime scene.
>
> THE COURT: All right. It will be admitted for whatever probative value it has as Exhibit 8.

Tennessee Rule of Evidence 402 permits all relevant evidence to be admitted unless otherwise provided by constitution, evidentiary rule, or other Tennessee rule or law. Irrelevant evidence is not admissible. Tenn. R. Evid. 402. Evidence is relevant if it has a tendency to make a fact that is of consequence to the action more or less probable. Tenn. R.

Evid. 401. Relevant evidence may be excluded, however, "if its probative value is substantially outweighed by the danger of unfair prejudice." Tenn. R. Evid. 403.

We review a trial court's decision to admit evidence as relevant under an abuse of discretion standard. *State v. Turner*, 352 S.W.3d 425, 428 (Tenn. 2011). A decision to admit evidence will be reversed "only when the court applied an incorrect legal standard, or reached a decision which is against logic or reasoning" and the admission of the evidence "caused an injustice to the party complaining." *State v. Gilliland*, 22 S.W.3d 266, 270 (Tenn. 2000) (quoting *State v. Shirley*, 6 S.W.3d 243, 249 (Tenn. 1999)).

The evidence at trial established that Defendant placed the money taken during the robbery into a black garbage bag. A black garbage bag was subsequently found in Defendant's vehicle. Detective Fussell testified that there was nothing particular about the garbage bag to indicate that it had been used in the robbery and that Defendant's vehicle did not match the description of the getaway vehicle. Nevertheless, the discovery of a garbage bag in Defendant's possession after the robbery, when a garbage bag was used in the commission of the robbery, is probative of Defendant's identity as the perpetrator. We acknowledge that the probative value of the evidence is not overwhelming; however, we conclude that it is not outweighed by any prejudicial effect to Defendant. The trial court did not abuse its discretion by admitting the garbage bag into evidence. Defendant is not entitled to relief on this issue.

*Prosecutorial misconduct*

Next, Defendant contends that he was denied a fair trial because of several instances of alleged prosecutorial misconduct during closing arguments. The State asserts that Defendant has waived any objection to all but two of the alleged improper comments by the prosecutor for failure to make a contemporaneous objection at trial. We agree with the State. Appellate relief is generally not available when a party has "failed to take whatever action was reasonably available to prevent or nullify the harmful effect of any error." Tenn. R. App. P. 36(a); *see State v. Killebrew*, 760 S.W.2d 228, 235 (Tenn. Crim . App. 1988) (holding that waiver applies when the defendant fails to make a contemporaneous objection).

This Court has, in its discretion, from time to time reviewed allegations of prosecutorial misconduct as "plain error" even in the absence of a contemporaneous objection. *See, e.g., State v. Marshall*, 870 S.W.2d 532 (Tenn. Crim. App. 1993), *overruled on other grounds by State v. Carter*, 988 S.W.2d 145 (Tenn. 1999) (determining in absence of objection that prosecutor's jury argument was not plain error); *State v. Bulter*, 795 S.W.2d 680 (Tenn. Crim. App. 1990) (considering whether statements of prosecutor were plain error despite lack of objection by defendant); *Anglin v. State*, 553 S.W.2d 616 (Tenn. Crim. App. 1977) (determining that in order to justify reversal on the basis of improper argument and

remarks of counsel in absence of objection, it must affirmatively appear that the improper conduct affected the verdict to the prejudice of the defendant).  After a review of the record in this case, however, we conclude that the plain error doctrine cannot afford the Defendant relief on those statements by the prosecutor to which Defendant did not object.  We will address the two alleged improper comments to which Defendant objected at trial.

Our supreme court has long recognized that closing argument is a valuable privilege for both the State and the defense.  Wide latitude has been allowed to counsel in arguing cases to the jury. *State v. Cauthern*, 967 S.W.2d 726, 737 (Tenn. 1998).  Trial judges in turn are accorded wide discretion in their control of those arguments, *State v. Zirkle*, 910 S.W.2d 874, 888 (Tenn. Crim. App. 1995), and this discretion will not be interfered with on appeal in the absence of abuse thereof.  *Smith v. State*, 527 S.W.2d 737, 739 (Tenn. 1975).  Notwithstanding such, arguments must be temperate, based upon the evidence introduced at trial, relevant to the issues being tried, and not otherwise improper under the facts or law. *Coker v. State*, 911 S.W.2d 357, 368 (Tenn. Crim. App. 1995).  We are mindful of the often quoted principle that a prosecutor must be free to present his arguments with logical force and vigor, "[b]ut, while he may strike hard blows, he is not at liberty to strike foul ones." *Berger v. U.S.*, 295 U.S. 78, 88, 55 S. Ct. 629, 633, 79 L. Ed. 1314 (1935).

When argument is found to be improper, the established test for determining whether there is reversible error is whether the conduct was so improper or the argument so inflammatory that it affected the verdict to the defendant's detriment. *Harrington v. State*, 215 Tenn. 338, 385 S.W.2d 758, 759 (1965).  In measuring the prejudicial impact of any misconduct, this Court should consider: (1) the facts and circumstances of the case; (2) any curative measures undertaken by the court and the prosecutor; (3) the intent of the prosecution; (4) the cumulative effect of the improper conduct and any other errors in the record; and (5) the relative strength or weakness of the case. *Judge v. State*, 539 S.W.2d 340, 344 (Tenn. Crim. App. 1976); *see also State v. Buck*, 670 S.W.2d 600, 609 (Tenn. 1984).

It is impossible to set out in detail what can and cannot be said in closing argument.  Various factors are involved in this determination including the facts of the particular case and oftentimes responses to argument of opposing counsel.  In this regard, we find the American Bar Association Standards Relating to The Prosecution Function and The Defense Function helpful.  Although these standards set forth objectives for professional conduct, they have, to a large degree, been adopted by our supreme court in case decisions and, to that extent, are directory.

Within the closing argument, five general areas of prosecutorial misconduct are recognized:
> 1.  It is unprofessional conduct for the prosecutor intentionally to misstate
> the evidence or mislead the jury as to the inferences it may draw.

2. It is unprofessional conduct for the prosecutor to express his personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant. *See State v. Thornton*, 10 S.W.3d 229, 235 (Tenn. Crim. App. 1999); *Lackey v. State*, 578 S.W.2d 101, 107 (Tenn. Crim. App. 1978); [citation omitted].

3. The prosecutor should not use arguments calculated to inflame the passions or prejudices of the jury. *See Cauthern*, 967 S.W.2d at 737; *State v. Stephenson*, 878 S.W.2d 530, 541 (Tenn. 1994)[, *abrogated on other grounds by State v. Saylor*, 117 S.W.3d 239 (Tenn. 2003)].

4. The prosecutor should refrain from argument which would divert the jury from its duty to decide the case on the evidence, by injecting issues broader than the guilt or innocence of the accused under the controlling law, or by making predictions of the consequences of the jury's verdict. *See Cauthern*, 967 S.W.2d at 737; *State v. Keen*, 926 S.W.2d 727, 736 (Tenn. 1994).

5. It is unprofessional conduct for a prosecutor to intentionally refer to or argue facts outside the record unless the facts are matters of common public knowledge.

*State v. Goltz*, 111 S.W.3d 1, 6 (Tenn. Crim. App. 2003) (quoting Standards Relating to the Prosecution Function and the Defense Function §§ 5.8-5.9 Commentary (ABA Project on Standards for Criminal Justice, Approved Draft 1971)).

First, Defendant claims that it was reversible error for the prosecutor to argue during closing argument that the garbage bag found in Defendant's car was the same as the one used in the robbery.

[ASSISTANT DISTRICT ATTORNEY]: . . . [t]his is the bag depicted in the video . . . . It's in his car. Well, there's nothing in it now. The – the money which he needed has been – it's gone.

[DEFENSE COUNSEL]: I'm going to object, Your Honor, again –

. . . .

– to arguing matters outside the record.

-6-

THE COURT: I'm sorry. I didn't get anything that was outside the record. What's the statement?

[DEFENSE COUNSEL]: Well, Detective Fussell testified that there was nothing in this bag that would indicate that it was the one used in the robbery, or had ever held the money, anything like that.

[The State] is arguing that this was the bag that was used. No evidence of such showed up – sort has ever been introduced.

THE COURT: All right. Well, that's – it was found in the car. He can argue the inference. If the jury wants to buy it, that's all right [sic]. Overruled.

[ASSISTANT DISTRICT ATTORNEY]: Not only am I asking you to buy it, I'm going to – I'm going to ask you – this is the bag. Most people don't drive around in their car with a bag. It doesn't have trash in it. It doesn't smell like trash. That was the garbage bag used to put the money in.

The State argues that the prosecutor's statements regarding the garbage bag were predicated upon evidence introduced at trial and nothing more than an assertion of a reasonable inference to be drawn from the evidence. We agree. Tennessee courts have long held that during closing arguments each party "may argue not only the facts in evidence, but also any reasonable inferences which may be drawn from such facts." *State v. Chico McCracken*, No. W2001-03176-CCA-R3-CD, 2003 WL 1618082, at *8 (Tenn. Crim. App., at Jackson, March 24 2003), *perm. app. denied* (Tenn. Sept. 2, 2003) (citing *Russell v. State*, 532 S.W.2d 268, 271 (Tenn. 1976)). The motel employee testified that he was ordered by an armed man to put cash into a garbage bag. Mr. Church identified Defendant as the robber. A garbage bag was later found in Defendant's car during the execution of a search warrant. We conclude that it was within the trial court's discretion to allow the State to proffer this theory during its closing argument. Defendant is not entitled to relief on this issue.

Defendant also asserts that the following was an improper argument by the prosecutor of facts outside the record, specifically that Defendant's alibi witness was the getaway driver.

[ASSISTANT DISTRICT ATTORNEY]: Now, I give you the example of Mr. Chisholm being in the car as the get-away driver, because that story, – there's as much evidence to support that story as there is evidence to support that he was over there watching Wheel of Fortune, and

he ate there, and then he went from one side of town to the other.  There's just as much evidence to believe one as the other.

And I say that because the Defendant doesn't even remember the name of the apartments that he was at.  I mean, that's what he wants you to believe that's where he was when the robbery –

[DEFENSE COUNSEL]:   I'm going to object, Your Honor, to arguing matters outside the record again.

THE COURT:        Overruled.  Go ahead.

After reviewing the above comment by the prosecutor in light of the evidence presented at trial, we conclude that, unlike the comment regarding the garbage bag having been used in the robbery, there is absolutely no evidence in the record to support an inference that Defendant's alibi witness, Mr. Chisholm, was the getaway driver.  However, we tend to agree with the State's interpretation of the prosecutor's comment as an attack on Mr. Chisholm's credibility rather than a direct assertion that he was, in fact, the getaway driver.  Nevertheless, the prosecutor's comment does not constitute reversible error.  We do not believe the prosecutor intended to assert the inference that Mr. Chisholm was the getaway driver, but rather he intended to suggest that such an assertion was as credible or incredible as Defendant's alibi's assertions.  Furthermore, considering the facts and circumstances of the case; the relative strength of the State's case, including the witness identification of Defendant as the perpetrator; and curative measures undertaken by the court, including the following instruction to the jury,

Unless you are otherwise instructed, statements made by the attorneys are not evidence.  Those statements are made only to help you understand the evidence and apply the law to the evidence in the case.  You should ignore any statement that is not supported by the evidence[,]

we conclude that the prosecutor's comments do not constitute reversible error.  Finally, we cannot say that the State's conduct was so improper that it affected the verdict.  Defendant is not entitled to relief on this issue.

## CONCLUSION

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE

-8-